KINNIE v. THE CITY OF WAVERLY.

1. **Municipal Corporation:** CITY SOLICITOR: COMPENSATION FOR SERVICES. The city council, while acting as a board of equalization, is discharging a corporate function and acting as a representative of the city; and if its action is appealed from, the city solicitor is justified in defending it in the appellate court, for which service he is entitled to compensation, even though the service or the compensation be not provided for by city ordinance.

*Appeal from Bremer Circuit Court.*

THURSDAY, DECEMBER 23.

ACTION on account for legal services. The defendant is a city of the second class, incorporated under the general incorporation laws of Iowa. The plaintiff was elected and qualified as its city solicitor. He performed the services sued for, and they were reasonably worth the amount claimed. Other facts are stated in the opinion. Judgment for defendant. Plaintiff appeals.

*G. C. Wright, H. P. Brown, C. B. Parsons* and *J. W. Woods,* for appellant.

Where a city council has failed to provide compensation for the city solicitor, the court will feel bound to see that he is compensated for services rendered to the city. (*Ripley v. Gifford,* 11 Iowa, 370.) The solicitor, with the knowledge of defendant, having rendered the services of which the latter has had the benefit, it is bound to pay him therefor. (Dunlap's Paley's Agency, p. 155; *Dunn v. St. Andrew's Church,* 18 Johns., 118.) The contract with the agent may be implied from the adoption of his acts by the corporation. (Story on Agency, § 52; Dill. on Mun. Corp., p. 369; *Detroit v. Jackson,* 1 Doug. (Mich.), 106.) If a corporation attorney, after his term has expired, continues in the management of suits for it, with its knowledge and without objection, he may recover for his services. (Dill. on Mun. Corp., p. 389, § 399, notes 2 and 4.)

*Boies, Allen & Couch,* for appellee.

The legislature has unlimited control, in the absence of constitutional limitation, over the duties and compensation of municipal officers. (Dill. on Mun. Corp., § 168.) Until the compensation of the solicitor is defined by the city council, he has none, and if he chooses not to discharge the duties imposed, his alternative is resignation.

ADAMS, J.—The services in question, with the exception of a small item, were rendered in a case in which the Bremer County Bank, of the city of Waverly, appealed to the Circuit Court of Bremer county from the action of the city council of Waverly, sitting as a board of equalization, in the assessment of said bank, in which case the said bank also appealed from the said court to the Supreme Court. It is contended by the city, defendant and appellee, that it should not be required to pay for said services because: 1st, The city had no interest in the appeal; and, 2d, The plaintiff was not specially employed to perform the services, and the council had provided no ordinance prescribing his duties or fixing his compensation.

The statute imposes on the city council the duty of acting as a board of equalization. When the council has acted, its action is presumed to be correct, unless reversed on appeal. The question raised by the appellant is, whether the council should support its action in the appellate court, or allow the case to be heard there *ex parte,* unless the taxpayers should volunteer and employ counsel at their individual expense.

It is claimed by the appellee that the council, while sitting as a board of equalization, were exercising no corporate functions of the city, but were discharging a duty entirely distinct therefrom, which was imposed upon them *ex officio.* Such was the view of the Circuit Court. The levy and collection of city taxes, however, are among the corporate powers of the city, and the equalization of assessments is the exercise of a power incidental thereto. The city council sitting as a board of equalization is, of

1. MUNICIPAL coporation: city soicitor: compensation for services.

course, acting in a representative capacity. But whom does it represent? Certainly not the taxpayers individually. The members of the council while so acting are not private agents but officers. Their duties in that respect are not performed by private contract, but are imposed by law and they are paid out of public funds, to-wit: the funds of the city. If, then, they represent the city while acting as a board of equalization, they may represent it in supporting their action in the appellate court.

The other question raised in this case is whether the plaintiff can recover in the absence of a special employment and in the absence of an ordinance prescribing his duties or fixing his compensation. The statute does not prescribe the duties of city solicitor, but provides that he shall perform such duties as shall be prescribed by ordinance. The appellee contends that it follows that, if no duties are prescribed, there are none to be performed unless he is specially employed, and it is urged with not a little force that no other rule can be maintained, because the power to determine what suits shall be prosecuted and what defended belongs exclusively either to the council or to the city solicitor, and if it be held that it belongs to him the statute would be contravened which provides that the council shall have control of the finances and all the property of the city.

On the other hand it seems to us that emergencies may often arise, great or small, where the interests of the city would suffer if the city solicitor did not act promptly and on his own motion, and in the absence of an ordinance where none is adopted. If in such case he acts with discretion and renders the city a service, we do not think he should be regarded as acting without authority and, therefore, without compensation, nor do we think such rule inconsistent with the ultimate right of the city council to determine what the city solicitor shall do and shall not do.

We think that a city solicitor may properly assume, if not otherwise directed, that it is his duty to appear for the city in the appellate court in all cases where the city is appellee. As

the plaintiff appeared in such a case we cannot regard his services as rendered without authorization.

But it is said that he cannot recover because the council has not fixed his compensation. The right to fix the compensation does not include the right to withhold it. If it was by law the plaintiff's duty to render the service which he did, the law will allow him therefor what the service was reasonably worth.

REVERSED.