## HARVEY v. TAMA COUNTY.

1. **Services:** DEPUTY TREASURER: CONTRACT. Where the board of super-
visors appointed a deputy treasurer, in pursuance of a written agree-
ment with the treasurer that the services of such deputy should be paid
for by him, and the services were rendered notwithstanding no allow-
ance had been made by the board for their payment, the county was *held*
not to be liable therefor.

### *Appeal from Tama Circuit Court.*

TUESDAY, OCTOBER 2.

THE plaintiff avers in his petition, in substance, that one
Samuel Forker acted as deputy treasurer of Tama county, for
the period of about two years; that his services were reason-
ably worth the sum of twelve hundred dollars, and that said
Forker had assigned his claim for the amount due him there-
for to the plaintiff, for which amount he asks judgment. To
the petition the defendant answered as follows:

COUNT 1. That said Samuel Forker entered upon and per-
formed the work of deputy treasurer of Tama county for the
time mentioned in said petition, with a full and express under-
standing between himself and Daniel Forker, treasurer of said
county, that he, the said Samuel, should be paid by the said
Daniel, and not by said Tama county, for his services as such
deputy; that the board of supervisors of Tama county, at the
time they approved of the appointment of said Samuel Forker
as deputy treasurer, were informed by the said Samuel and
Daniel as to the above named understanding by which the said
Daniel, and not Tama county, was to pay the said Samuel for
his services as such deputy treasurer; that the said board of
supervisors, as the said Samuel at the time well knew, approved
of the appointment and accepted of the services of the said
Samuel as deputy treasurer with reference to said understand-
ing; and that the said Daniel, in accordance with the said
understanding, has in fact fully paid the said Samuel for his
services as such deputy treasurer.

COUNT 2. That before the beginning of this action, and

Harvey v. Tama County.

before the alleged assignment to plaintiff of the claim sued on, the said Samuel Forker executed and delivered to defendant a written release of all the claim, or pretended claim, set up in plaintiff's petition, which release was at the time accepted by defendant as a final settlement of said pretended claim.

Said release is in the words and figures following:

"Whereas, Daniel Forker was elected treasurer of Tama county, Iowa, under the pledge that he would pay his deputy out of his salary as treasurer; and whereas, certain persons, for the purpose of injuring me, have reported that I would in some manner attempt to collect pay for my deputy, or that said deputy would in some manner attempt to collect pay for his services:

"Now this agreement witnesseth, that Daniel Forker and Samuel Forker, by these presents, do hereby fully and completely release said Tama county from any and all claims which we or either of us might or would have against said county for the services of said deputy treasurer, and neither of us will ever make any claim against said county in any way or manner for said services or any part thereof for the years 1874 and 1875, and I authorize and direct the auditor of Tama county to file and preserve this agreement for the benefit of the county.

"Signed,  DANIEL FORKER, *Treasurer*,
"SAMUEL FORKER, *Deputy Treasurer*.
"Dated, September 13, 1875."

To this answer plaintiff demurred, and the demurrer was sustained. Judgment for plaintiff. Defendant appeals.

*Ebersole & Willett*, for appellant.

*Stivers & Leland*, for appellee.

ADAMS, J.—Section 771 of the Code provides, that "when a county officer receiving a salary is compelled by the pressure of business of his office to employ a deputy, the board of supervisors may make a reasonable allowance to such deputy." Where such an allowance is made by the board and the services are rendered afterwards it

1. SERVICES: deputy treasurer: contract.

should be presumed that they are rendered in reference to the allowance, and no greater amount would be recoverable. But where no allowance whatever is made it seems to us that under ordinary circumstances a recovery should be had for what the services are reasonably worth. In *Kinnie v. The City of Waverly*, 42 Iowa, 437, the city council had omitted to fix the compensation of the city attorney. We held that power to fix the compensation did not confer the power to withhold it, and that, as the council had omitted to fix the compensation, the city attorney, plaintiff in that case, was entitled to recover upon a *quantum meruit*. In such case the omission to fix the compensation should be regarded as an oversight.

In the case at bar the supervisors omitted to make an allowance to the deputy treasurer, but the circumstances as disclosed in the answer were such that the omission cannot be regarded as an oversight. Whether the deputy was employed by reason of the pressure of the business of the office, or for the personal accommodation of the treasurer, does not directly appear. It is evident, however, that if he was employed for the former reason he should be paid by the county, and if for the latter he should be paid by the treasurer.

The agreement was that he was to be paid by the treasurer, and he was paid by him. No allowance having been made by the board, and the service having been rendered with knowledge of the fact, as we must presume, we think that no recovery can be had. Under the circumstances disclosed in the answer it is to be presumed that the board were justified in making no allowance. The demurrer to the answer should, we think, have been overruled.

REVERSED.