## LAMPSON *v.* PLATT.

Between judgment and jurisdiction there is a clear distinction. The one, is the decision of the law, given by the court, as the result of proceedings therein instituted; the other, has reference to the power conferred to take cognizance of, and determine causes according to law, and to carry the same into execution.

In cases of contested claims to swamp or overflowed lands, arising under sections ten and twelve of the act of January 25, 1855, entitled an act "To prevent trespass or waste on swamp or other lands, in the state of Iowa, and for other purposes," the jurisdiction of the District Court is appellate, and not original.

The power conferred by appeal on the District Court, to take cognizance of this particular class of cases, is final; and no power is given in the act to the Supreme Court, to review such determination.

When a statute provides that the District Court shall have final jurisdiction, it thereby inhibits the jurisdiction of any other appellate tribunal.

Section twelve of the act of Jan. 25, 1855, in relation to trespass or waste on swamp or other lands, &c., which gives the right of appeal, refers to section ten, instead of section nine, of the same act.

Section 1555 of the Code, which confers upon the Supreme Court appellate jurisdiction over all final judgments and decisions of the District Court, would give the Supreme Court jurisdiction over contested claims, under the act of

January 25, 1855, appealed to the District Court; but the act of 1855, which makes the jurisdiction of the District Court final in such cases, being subsequent to the Code, and of equal validity, the general provision of the Code must yield to the subsequent legislation.

The primary object of the third section of the fifth article of the constitution, which provides, that the Supreme Court shall have appellate jurisdiction only in all cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the General Assembly may, by law, prescribe, was to define the character of the jurisdiction that was to be exercised by that court, viz: *appellate,* and not *original.*

Under section three, article five, of the constitution, the power is clearly given to the General Assembly to restrict the jurisdiction of the Supreme Court.

## *Appeal from the Fremont District Court.*

THIS was a proceeding, commenced before the county court, to pre-empt a certain quarter section of land, under chapter 156, Laws 1855, page 228, entitled an act " To prevent trespass or waste on swamp or other lands, in the state of Iowa, and for other purposes." From the decision of the county court, the plaintiff appealed to the District Court. That court having decided that plaintiff was entitled to pre-empt the disputed land, the defendant appeals to this court; and here a motion is made, by the appellee, to dismiss the appeal, on the ground that this court has no jurisdiction of the cause.

*W. Penn. Clarke,* for the motion.

*E. C. Stone, contra.*

WRIGHT, C. J.—The jurisdiction of this court, to hear and determine this cause, is denied by the appellee; and this is the first question presented for determination. Section 10 of the act referred to, provides for the hearing and determination of these causes, by the county judge's court, "and in case the claimant's right is contested by another, said county judge shall appoint a day when he will hear the evidence on both sides, and he shall make such decision in the case, as he may deem right, and award costs in his dis-

cretion; and he shall give to the successful claimant, a certificate of pre-emption." By section 12, it is provided, that "any person feeling aggrieved by the decision of the county judge, under the *ninth* section of this act, may appeal therefrom to the District Court of the proper county, which shall have *final* jurisdiction over the matter, and shall make such decision in the premises, as justice and equity may require."

It will be observed, that the last section refers to the decision of the county court, under the *ninth* section of the act; whereas, section 10, is the one under which such contested claims are tried. This reference is evidently a mistake, as no contest is provided for in section *nine*, and throughout the act, by some oversight, the references to different sections are erroneous. This, most probably, arose in the haste of legislation, from the introduction of a section by way of amendment to the original bill.

As this view is conceded by the parties, and is manifest from the act, we shall treat the case as arising on a contested pre-emption under section ten. From the decision of the county court, any party aggrieved, has the right to appeal to the District Court. The language of the law is, that said District Court " shall have *final jurisdiction* over the matter, and shall make such decision in the premises as justice and equity may require." Did the legislature by so providing, design such adjudication to be final and conclusive, and deny this court the power to review such cases on appeal? To our minds, the language of the law can scarcely admit of two interpretations. The language of the statute is, not that such District Court, shall have power in such cases to enter *final judgment*—but that it shall have *final jurisdiction*. If the term final judgment had been used, the right to appeal, in view of the general provisions of the Code, could scarcely be questioned. Between judgment and jurisdiction, there is, however, a clear distinction. The one is, the decision of the law, given by the court as the result of proceedings therein instituted; the other, has reference to the power conferred to take cognizance of, and determine causes according to law,

Lampson v. Platt.

and to carry the same into execution. The jurisdiction of the District Court in this case, is appellate, and not original. When thus acquired, the law says it is final. In other words, the power conferred by appeal on that court, to take cognizance of this particular class of cases, is final; and no power is given in the act to this court to review such determination; but, on the contrary, when it provides that the District Court shall have final jurisdiction, it thereby inhibits the jurisdiction of any other appellate tribunal. By the use of the word final, we think, the legislature designed that the hearing in the District Court should be conclusive, decisive, and ultimate; and that the decision made, should be the end of the controversy. And the nature of the proceeding, and the subject matter upon which it operates, would seem to give additional strength to this construction. Here is a contest of a special character, in which the parties litigate their respective rights to a tract of land, belonging to neither, but the title to which is in the government. The state provides for its sale for a specific purpose, and it is important that the funds arising, shall be made available without delay. Under such circumstances, we can well see a reason for limiting the extent of the litigation, in order to effectuate a speedy sale of the lands, to carry out the objects and purposes of the law.

It is claimed, however, that by section 1555 of the Code, this court has an appellate jurisdiction over all final judgments and decisions of the District Court, and that this being a final judgment, this court has jurisdiction under this general provision. The act of 1855, however, being subsequent to the Code, and of equal force and validity, obviates the force of this position. The general provision must yield to the subsequent legislation. The Code, by the general language, could confer the jurisdiction, was it not taken away by the limitation of power, contained in the after enacted statute.

It is further insisted by counsel, that under the constitution, the legislature has no power to deprive the defendant of a hearing in this court, and to sustain this view, we are referred to art. 5, § 3, which defines our jurisdiction. It is there provided, that "the Supreme Court shall have appel-

late jurisdiction only, in all cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the General Assembly may by law prescribe." The primary object of this provision was, to define the character of the jurisdiction that was to be exercised, to wit: *appellate*, and not *original*. The district and inferior courts of the state have jurisdiction in such manner as may be prescribed by law; and while, for the most part, this jurisdiction is original, yet in other cases it may be, and is, as to the District Court, also appellate. This court, however, only has appellate jurisdiction. How is this jurisdiction to be exercised, and what are the restrictions upon its exercise? The above provision of the constitution expressly states, that this court is to have this jurisdiction, "*under such restrictions as the General Assembly may by law prescribe.*" Here, then the power is clearly given to the General Assembly, to restrict this appellate jurisdiction. If under this provision, the legislature would not have the power to confer final jurisdiction on the District Court in particular cases, and thus restrict the appellate jurisdiction of this court, it is difficult to perceive what, if any, power it would have in this respect. We think that power has been exercised in this instance, and its propriety, we have neither the right nor disposition to question.

Appeal dismissed.