## THE BREMER COUNTY BANK v. BREMER COUNTY.

1. **Taxation: BANKS: PRACTICE.** A bank having made application to the city council, acting as a board of equalization, for a reduction of its assessment, and the application having been refused, it appealed to the Circuit Court, where the assessment was set aside and the cause remanded to the board to determine the question of liability of the stockholders to be taxed for their stock: *Held*, that the bank suffered no prejudice by the action of the court and could not complain of its ruling.

2. **Practice in the Supreme Court: ARGUMENT.** Errors assigned but not discussed in argument will not be considered on appeal in the Supreme Court.

3. **Practice: JURY: QUESTION OF LAW.** Where, upon an appeal to the Circuit Court from the board of equalization, a jury was demanded and refused, and the finding by the court was the same under the evidence as the verdict must have been to be sustained, the issue being really one of law, it was *held* that the refusal to grant a jury did not justify a reversal of the judgment.

4. **Appeal: BOARD OF EQUALIZATION: JURISDICTION.** Although the statute does not provide the formalities of an appeal from an order of the board of equalization, yet the Circuit Court will be presumed to have acquired jurisdiction where proper notices of the appeal have been served.

*Appeal from Bremer Circuit Court.*

WEDNESDAY, MARCH 22.

THE plaintiff is a corporation organized under the laws of this State, and is doing business at the city of Waverly, in Bremer county. For the year 1874 it was assessed by the city assessor in the sum of $9,000. The city council of Waverly, being the board of equalization under Code, § 829, increased this assessment to $20,000. Subsequently the plaintiff appeared before the board and made application to correct the assessment and increase thereof. Thereupon the city council, acting as the board of equalization, increased the assessment to the sum of $24,466.96, being $11,133.96 on capital stock, and $13,330.00 on surplus capital. From this action plaintiff appealed to the Circuit Court, as authorized by Code, § 831.

Upon a trial of the cause in the Circuit Court, a judgment was entered setting aside the assessment to the plaintiff, and the cause was ordered to be sent back to the board of equalization, with directions that the question of the assessment of the property to the stockholders of plaintiff be determined upon proceedings to be had upon notice prescribed by the order of the Circuit Court.

From this judgment both plaintiff and defendant appeal.

*Gray, Dougherty & Gibson*, for appellant.

The appellate court can only review the question in issue below, and will allow no amendment or change of the issue after the appeal. (*Dicks v. Hatch*, 10 Iowa, 384.) If a court takes cognizance of a case without jurisdiction of the parties and subject matter, its proceedings are void. (19 Johns., 40; 3 Cow., 209.) A want of jurisdiction can always be shown. (6 Barb., 607.) The tax upon the stock of a non-resident stockholder should be assessed to him and his interest be made responsible therefor, and not the bank. (*First. Nat. Bank of Iowa City v. Hershire*, 31 Iowa, 19; *Faxton v. McCosh*, 12 Id., 529.)

*G. C. Wright* and *E. Kinne*, for appellee.

The appellant must show affirmatively that there was error in the ruling below, prejudicial to his substantive rights. (*Fulmer v. Fulmer*, 22 Iowa, 230; *Colden & Co. v. Cole*, 19 Id., 565; *Robinson v. Keith & Snell*, 25 Id., 321.) The stockholders not being parties to this proceeding, the Circuit Court had no jurisdiction over them and could not render any judgment against them which would prejudice them. (*Crites v. Littleton*, 23 Iowa, 205.) While the board of equalization might have determined that the stockholders had already been assessed for the stock owned by them, until the assessment was actually made, no prejudice could result. (*Warner v. Doran*, 30 Iowa, 521.) The stockholders, not being parties to the action, cannot have their rights for the first time passed upon in this court. (*Crites v. Littleton, supra.*)

BECK, J.—I. We will first consider the objection urged by plaintiff to the judgment of the Circuit Court, which is based upon the order remanding the case for the purpose of determining the liability of the stockholders to assessment upon the property for which the bank was assessed.

1. TAXATION: banks: practice.

Under the judgment of the Circuit Court, the plaintiff is relieved from the assessment in question, and it obtains the relief it sought in this case, the court holding the assessment against it to be illegal. The object of remanding the case was that it might be determined if other parties are liable to be taxed upon the property. The bank, as a corporation, had no interest in that inquiry. If such parties do not object to the assessment against them, the plaintiff certainly cannot. If they do contest it, plaintiff is not authorized to conduct their defense so far as anything appears in the record; certainly, as it is not the real party in interest the case cannot be conducted in its name. We are, therefore, of the opinion that plaintiff cannot now enter objection to the order in question. We do not pass upon its correctness, leaving that question for determination in a proceeding wherein the proper parties shall appear.

We will now proceed to the consideration of objections made by defendant.

II. The defendant does not urge in argument any objection to the judgment of the Circuit Court setting aside the assessment. We are, therefore, not required to pass upon its correctness. It was based upon the doctrine recognized by the Circuit Court that all taxable property held by the plaintiff should be assessed to the stockholders. Of the correctness of this doctrine we need not inquire or express an opinion, as the judgment is not assailed in argument.

2. PRACTICE in the Supreme Court: argument.

III. The defendant demanded a jury for the trial of the cause; it was refused. This ruling is made the ground of an objection. Conceding that a jury should have been called, no prejudice is wrought defendant by submitting the cause without a jury. There was no dispute

3. PRACTICE: jury: question of law.

upon the fact that plaintiff held the property upon which the assessment was made. A jury could have found under the evidence no other facts than those found by the court; a different finding would have been set aside. There was really no question but of law in issue; the plaintiff claiming that the stockholders were taxable through their stock for the property held by the bank; the defendant insisting that plaintiff itself should be taxed thereon. Therefore, even if under the pleadings defendant was entitled to a jury, under the view of the law taken by the court, which is not assailed by defendant in argument, it suffered no prejudice by the refusal of the court below to submit the cause to a jury.

IV. The defendant offered to prove that plaintiff held certain claims against other banks and bankers and certain county and city warrants. The evidence was excluded. The ruling, if erroneous, wrought no prejudice to defendant under the view of the law taken by the court, which, as we have two or three times before remarked, we cannot review. Whatever property or claims were held by the bank, they were not, under this view, assessable to it. This was the doctrine controlling the court's decision. Defendant could not have recovered under this rule had it been permitted to introduce the evidence in question. While defendant does not object to the rule upon which the court's judgment is based, it cannot complain of decisions harmonious with that rule and which, under it, wrought him no prejudice.

V. The defendant moved in the Circuit Court to dismiss the appeal; the motion was overruled. This action is assigned for error. The statute authorizing an appeal in such cases does not prescribe the formalities to be pursued in order to remove the cause from the board of equalization to the Circuit Court. Proper notices of the appeal were served. These gave the Circuit Court jurisdiction. It could have required a bond to be filed if the proceedings were sought to be stayed. *Robertson v. The Eldora R. & Coal Co.*, 27 Iowa, 245. The Circuit Court, having acquired jurisdiction of the cause, properly overruled the motion to dismiss the appeal.

4. APPEAL:, board of equalization: jurisdiction

· VI. The defendant demurred to the statement of facts filed by plaintiff, upon which it claimed the board of equalization acted illegally. The demurrer was overruled. Upon this action of the Circuit Court an objection to the judgment is based. The statement asks for relief upon the ground that plaintiff could not be lawfully assessed upon the property held by it. Certainly, this was a sufficient ground to support plaintiff's claim for relief in the Circuit Court, the record showing that the relief was first sought on the same ground before the board of equalization.

The foregoing discussion disposes of all objections raised by both parties to the judgment of the Circuit Court; it is affirmed on both appeals.

AFFIRMED.