.DAVIS ET AL. v. THE CITY OF CLINTON ET AL.

1. **Practice**: PROCEEDINGS TO CORRECT ASSESSMENTS: TRIAL. Proceedings to correct assessments of property for taxation are triable by equitable proceedings, without a jury, in the Circuit Court, and *de novo* by the Supreme Court on appeal.

*Appeal from Clinton Circuit Court.*

TUESDAY, APRIL 5.

THE plaintiffs are the owners of certain real estate in the city of Clinton. The same was assessed for the purpose of taxation at the value of ten thousand dollars. The board of equalization increased such valuation to twelve thousand dollars. Afterward the plaintiffs appeared before the board and asked that it be reduced to seven thousand. This was refused, and the value finally fixed by the board at eleven thousand dollars. Thereupon the plaintiffs appealed to the Circuit Court, where a "judgment was rendered fixing the valuation of said property at nine thousand dollars," and the defendants appeal.

*Albert R. McCoy*, for appellants.

*Aylett R. Cotton*, for appellees.

SEEVERS, J.—The appeal was taken in April, 1879, and in August thereafter there was filed therein by the plaintiff a petition setting forth at length the proceedings before the board of equalization, and alleging the valuation of the real estate as fixed by the board was "unequal, unjust and excessive to the extent of four thousand dollars." A judgment was asked reducing the valuation fixed by the board to seven thousand dollars, "and for such other and further judgment as may be consistent with the case made."

1. PRACTICE: proceedings to correct assessments: trial.

The allegations of the petition were denied in an answer filed by the defendants. Evidence was introduced by both parties. The defendants asked for a jury, which was denied. The appellee insists this action of the court was right, and also that there cannot be a trial anew in this court, although all the evidence has been properly preserved and is before us, because this is not an action at law or in equity, but is a special proceeding. Conceding this to be a special proceeding, the question remains how it shall be tried. No special provision is made for the trial of such proceedings. It is, however, certain they must be tried in the inferior courts and on appeal in the same manner as an ordinary proceeding, or action at law, or as an equitable action, simply because there are but two modes of trial known to our system of jurisprudence. In *Sisters of Visitation v. Glass*, 45 Iowa, 154, it was said the "mode of trial will be determined by assigning the proceeding to whichever class (law or equity) it appropriately belongs." But when the powers and duty of the courts are ascertained in cases involving questions like that before us, the mode of trial may be readily determined.

It is not claimed that the value of property fixed by the assessor for the purposes of taxation is invalid, or because an unconstitutional mode was adopted instead of having such value ascertained by a jury. We shall, therefore, assume the valuation made by the assessor was a valid exercise of the taxing power as provided by statute, although the plaintiff by a sale of the property taxed might be deprived thereof without having had a day in court or trial by jury. Starting, then, with the assumption that the assessment made by the assessor did not impair any vested or constitutional right, we find the statute creates a board of equalization whose duty it is to equalize the assessments between the several tax payers. Code, § 829. Any person feeling aggrieved by the assessment made by the assessor may appear before said board and have the same corrected " as to said board may seem just and equitable." From the decision of the board an appeal may

be taken to the Circuit Court. Code, § 831. The hearing before the board cannot be said to be the trial of an action at law. No issue is joined, nor can it be said there are parties to the proceeding who can be regarded as adversaries. *Appeal of the Des Moines Water Company*, 48 Iowa, 324.

The board, in our opinion, are simply assessing officers, whose duty it is to do what the assessor, it is alleged, failed to do, that is, make an assessment which is just and equitable. The board constitutes a part of the machinery provided by the State for the purpose of adjusting the burdens of taxation upon an equitable basis. The plaintiffs, claiming the board had not performed properly the duty incumbent on it, appealed to the Circuit Court, as they had the right to do. In the absence of a statute declaring otherwise, the plaintiffs had no more right to a jury trial in said court than they had before the board, or to ascertain the value of the property when it was assessed by the assessor. The duty of the Circuit Court on appeal was to do that which it was claimed the board failed to do, make a just and equitable assessment. From the decision of the Circuit Court an appeal has been taken to this court, and we are called upon to do what the appellant insists the Circuit Court did not do, that is, make a just and equitable assessment.

The Circuit Court and this court are a part of the machinery provided by the State to aid in properly adjusting the burdens of taxation. Said courts are assessing officers or tribunals vested with the same powers, under like conditions and in special cases, as the board of equalization, except that the courts may review the action of the board and conclude the adjustment made by it was not equitable and make another assessment, or rather fix a different value on the property, which must be respected in levying taxes.

As this court has no original jurisdiction or the power to have witnesses brought before it in this class of cases, we can only examine the evidence taken in the Circuit Court, if it has been properly certified, and therefrom determine the

question before us. In doing this we cannot be hedged in by presumptions, as that the finding of the Circuit Court has the force and effect of a verdict, or if the evidence is conflicting we cannot interfere with the finding, but in order to perform properly the duty imposed by the statute we must weigh the evidence as an original question, as is done in equity causes, and therefrom determine what is the just and equitable value of the property for the purpose of taxation.

It may be, we think, assumed, or safely said, that at no time, nor in any court, or before any tribunal or officer, has the tax payer the right to have a constitutional jury impaneled for the purpose of determining the rate of the levy or the assessable value of his property for the purposes of taxation. The reasons upon which this proposition is based and the absolute necessity there exists for its maintenance are apparent; they have been frequently stated in adjudicated cases, and need not be here repeated. Our attention has not been called to any adjudicated case holding otherwise. Indeed, the agreement seems to be entire and complete. *McCarroll's Lessee v. Weeks*, 5 Hayw. (Tenn.), 246; *Cowles v. Brittain*, 2 Hawks (N. C.), 204; *Commissioners of New Town Cut v. Seabrook*, 2 Stobh. (S. C.), 560; *Board of County Commissioners v. Morrison*, 22 Minn., 178; Cooley on Taxation, 36 to 40, and authorities cited.

II. The evidence introduced in the Circuit Court, and which is now before us, was directed: *First*, to the location of the plaintiffs' property. This was material only for the purpose of aiding the court in arriving at a correct conclusion as to its value; *Second*, the assessed value of other property, and its actual value as compared with the plaintiffs' property, and *Third*, at how much less than its actual value property in the city was assessed for purposes of taxation. Ordinarily the witnesses would differ greatly in their estimates of the value of property in the city; but such is not the case. Three witnesses introduced on the part of the plaintiffs fix the assessable value of the property at from $8,000 to $10,000. Six

witnesses on the part of the defendants fix such value at from $11,000 to $13,000. So far as we can judge these witnesses are all credible, and each states reasons of about equal weight upon which his opinion is based. We, therefore, conclude the preponderance of the evidence is with the defendants, and that the value as fixed by the board of equalization is correct. Of course perfect equality in the burdens of taxation is unattainable. Approximation to it is all that can be had. Cooley on Taxation, 127.

We have determined this case without reference to the question whether the board of equalization is vested with any discretion in matters of this kind, and if so whether the determination of the board should be set aside by the courts, unless it appears a clear and palpable wrong has been done.

REVERSED.