## GRIMES v. THE CITY OF BURLINGTON.

**Taxation :** APPEAL FROM BOARD OF EQUALIZATION : EVIDENCE. On an appeal from an order of the board of equalization increasing the assessment of a taxpayer, the appellate court tries the case anew upon the evidence introduced in that court, and not alone upon the record of the board of equalization ; the object of an appeal, according to the true meaning of the word, being to secure a new trial upon the merits.

| 74 | 123 |
| 97 | 505 |
| 74 | 123 |
| 102 | 3 |
| 74 | 123 |
| L114 | 108 |
| 74 | 123 |
| 126 | 264 |
| 74 | 123 |
| 136 | 208 |

*Appeal from Des Moines Circuit Court.* — HON. CHARLES H. PHELPS, Judge.

FILED, MARCH 9, 1888.

THIS is a proceeding instituted by plaintiff, to correct the assessment made upon his personal property for taxation. There was a decision upon an appeal to the circuit court adverse to him. He now appeals to this court.

*P. Henry Smyth & Son*, for appellant.

*John J. Seerley*, for appellee.

BECK, J.—I. The city council of the city of Burlington, wherein plaintiff resided and was a taxpayer, acting under the statute as a board for the equalization of taxes, added to plaintiff's assessment ten thousand dollars upon moneys and credits alleged to be held by him, and which the assessor failed to assess. There was no evidence introduced before the board of equalization other than the assessment, and an affidavit of plaintiff denying that he was subject to assessment for moneys and credits. These papers were before the board, and we presume they were regarded as in evidence. The plaintiff, as authorized by statute (Code, sec. 831), appealed to the circuit court. Upon the trial in the circuit court the defendant offered to introduce evidence to show that plaintiff was subject to assessment upon ten thousand dollars of money and credits, to which plaintiff objected, insisting that no evidence could be admitted on the appeal, and that it must be tried upon the record of the proceedings of the board of equalization. The objection was overruled, and the court held that the evidence was admissible. After this ruling the plaintiff, in the language of the abstract, "to save time and delay, conceded that he had property at the time sufficient to justify the assessment." Thereupon the circuit court affirmed the action of the board of equalization.

II. The sole question presented by the record

before us is this : Upon an appeal from the action of the board of equalization, is the case to be decided upon the record of its proceedings alone, or may evidence be introduced by the parties in addition to the matters shown by such record? The statute authorizing the appeal from the board of equalization. does not prescribe the proceedings or manner of the trial of the appeal. It simply declares that the assessment shall be corrected "in such manner as to said board may seem just and equitable." Upon the appeal the case must be tried upon facts presented to the court. The case may be determined by the board of equalization wholly upon facts known to its members. *Smith v. Supervisors of Jones County*, 30 Iowa, 531. In that case the circuit court would have before it no record at all upon which to adjudicate the question involved. But the statute, in authorizing the appeal,. provides that the question of the liability to assessment shall be justly and equitably determined upon the facts of the case. It provides for a review by which the action of the board of equalization may be corrected. Such trial, in order that this end may be attained, must be had upon evidence which will disclose fully the facts of the case, whether the same be in the record or first introduced upon the appeal. The administration of justice to the taxpayer demands it.

III. Counsel for plaintiff insists that the appeal brings before the circuit court only the evidence or facts found in the record of the board of equalization. This conclusion is based upon the mistaken position that in the use of the word "appeal" the statute indicates that the trial shall be had in that manner, for the reason that the word bears that meaning. In truth, its meaning is directly to the contrary. The "object of an appeal is to review the whole case and secure a just judgment on the merits." "It is examined and tried as if it never had been tried before." See Bouv. Law Dict. Counsel's views of an appeal express correctly the proceedings and trial upon a writ of error. While an appeal is authorized by statute, unless otherwise restricted, the proceeding in all cases is anew, in order

to determine the very merits of the matters in dispute. Such is the manner of trial in many appeals authorized by the statutes of this state, as in *ad quod damnum* proceedings in the assessment of damages for public highways, and other proceedings which need not be here mentioned. Appeals to this court are for the correction of errors in cases at law, and for trials *de novo* in cases in chancery. But under the constitution and statutes of this state chancery cases must be tried here upon the record of the evidence sent from the court below. *McGregor v. Gardner*, 16 Iowa, 538. Counsel's position receives no support from the provisions of the statutes.

IV. Upon the appeal the circuit court becomes the assessing tribunal, which is clothed with authority to determine anew the sum in which the taxpayer is to be assessed. By the appeal the assessment and equalization are set aside or suspended, and the assessment is again made by the judgment of the circuit court. To the end that the questions involved may be determined in accord with the demands of the law and justice, that court is required to hear the matter anew upon all evidence tending to direct to a just decision. This has been the practice in cases of this character upon the trial of appeals from boards of equalization. *Bremer County Bank v. Bremer County*, 42 Iowa, 394; *Ingersoll v. City of Des Moines*, 46 Iowa, 553; *Ger. Am. Sav. Bank v. City of Burlington*, 54 Iowa, 609; *Dunleith & D. Bridge Co. v. Dubuque County*, 55 Iowa, 558; *Hutchinson v. Board of Equalization*, 66 Iowa, 35.

We reach the conclusion that the judgment of the circuit court ought to be

AFFIRMED.