THE FARMERS' LOAN AND TRUST COMPANY v. THE CITY OF NEWTON, et al., Appellants.

Taxation: ESTOPPEL.  A corporation was organized to make and
2  sell loans, but abandoned its purpose.  Blanks bought by it were distributed among its promoters, together with mortgage assignments executed by the corporation, in blank.  These promoters took mortgages of their own upon said blanks, and kept the corporation superficially alive, in order to have such mortgages released.  By reason of these facts, a number of mortgages were recorded, which were ostensibly the property of the corporation, but in fact the property of said promoters.  *Held*, in the absence of proof that the moneys and credits, represented by the mortgages, were not assessed to the proper parties, said corporation is not estopped to question an assessment made against it for the value of said mortgages.

Appeal From Assessment:  PRACTICE SUPREME COURT.  While, under
1  Code, 1312, which gives those *agrieved*, by assessment, the right

to appeal from the board of equalization, to the district court, the city or board may have no right to appeal to the district court, the city may appeal to the supreme court, from a judgment of the district court, cancelling an assessment, on appeal from the board of equalization; for Code, 4392, gives the supreme court appellate jurisdiction over judgments of the courts of record, in special proceedings.

NOTICE TO CORPORATION: *Costs.* Whether an appeal be that of a city, or of its board of equalization, service of notice of appeal upon the mayor, or clerk, is sufficient, for both are officers of the city and of the board, and appellant should pay the costs of notices served on others than either of said officers.

**Practice—Pleadings:** COPY FEES. It is within the discretion of the district court, on appeal from the board of equalization, to allow pleadings to be filed, though the statutes make no provision therefor; and in such case copy fees are taxable.

COSTS. The individual members of a city council, who are impleaded in a representative capacity, in an appeal from an assessment taken by the board of equalization of the city, should not be taxed with costs upon the cancellation of the assessment, but the city is alone responsible for such costs.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, APRIL 9, 1896.

THIS is an appeal from the decree of the district court, canceling and setting aside an assessment for taxation made upon the property of plaintiff, by the board of equalization of the city of Newton.—*Modified and affirmed.*

*H. S. Winslow* for appellants.

*McElroy & Northup* for appellee.

DEEMER, J.—We are first confronted with a motion to dismiss the appeal, based upon the grounds: First, that the appellants have no right to appeal; second, that plaintiff has not appealed; third, this court has no jurisdiction. The argument made in

support of this motion proceeds upon the theory that, under the statute, no one but the person aggrieved (who, it is contended, must be the party against whom the assessment is made) can appeal. The statute conferring the right to appeal is as follows (McClain's Code, section 1312): "Any person who may feel aggrieved at anything in the assessment of his property may appear before said board of equalization in person, or by agent, at the time and place mentioned in the preceding section, and have the same corrected in such manner as to said board may seem just and equitable, and the assessor shall meet with said board and correct the assessment books as they may direct. Appeals may be taken from all boards of equalization to the circuit (district) court of the county where the assessment was made, within sixty days after the adjournment of such board of equalization, but not afterwards." It is well settled that the right of appeal is purely statutory, and, unless conferred by statute, it does not exist; and it may be that the statute quoted does not confer upon the city or its board of eqalization, the right of appeal to the district court. But we have another general statute (McClain's Code, section 4392), which provides that "the supreme court has appellate jurisdiction over all judgments and decisions of all other courts of record, as well in case of civil actions as in proceedings of a special or independent character." Other provisions of the Code provide how the appeal may be taken. We have, in effect, held that this last statute confers the right of appeal in all cases coming within the class named, unless there be another statute limiting the final jurisdiction to the inferior court or tribunal. *Lampson v. Platt*, 1 Iowa, 556. Again, we have said that "this court has appellate jurisdiction over all judgments and decisions of courts of record in the state;" and this cause not

having been shown to be an exception to the rule, jurisdiction of it must be assumed to exist." *Farley v. Geisheker*, 78 Iowa, 453 (43 N. W. Rep. 279). See also *Davis v. City of Clinton*, 55 Iowa, 549 (8 N. W. Rep. 423), which was an appeal by the city from the decree of the district court, on appeal from the action of a board of equalization. The language used by Rothrock, J., in the case of *Appeal of Des Moines Water Co.*, 48 Iowa, 324, has reference to appeals from the board of equalization to the (circuit) district court, and not to appeals to this court from the order of a court of record; and the same may be said with reference to the language of the court in *Grimes v. City of Burlington*, 74 Iowa, 123 (37 N. W. Rep. 106). Upon appeal to the district court, the city and board of equalization, acting for, and on behalf of the city, become parties, and, as such, are empowered by the statute last quoted to prosecute an appeal to this court. The motion to dismiss is overruled.

II. The case comes to us for trial *de novo*, and it is for us to do as the lower court should have done on the evidence adduced. The record discloses the following facts: In the latter part of the year 1888, an attempt was made to organize a corporation under the name of the Farmers' Loan & Trust Company. Articles of incorporation were filed in the office of the county recorder, and with the secretary of state, but the attempted corporation never issued any stock, nor did it have any property, except some blank applications for loans, notes and mortgages, which it had printed. Its promoters expended some money in organizing the corporation, and procuring blanks, but received no stock or other evidence of membership. When the corporation was organized, its main purpose was to "make and sell loans"; but this was abandoned, and the organization was never

fully perfected. The blanks which were procured were divided among the promoters, and were used by them in their private business. In order to make the blanks available, assignments in blank were executed in the name of the proposed corporation, and these papers, when divided, all had blank assignments thereon. The promoters of the corporation used these blanks, and the records of the county disclose a large number of mortgages standing in the name of the corporation. The board of equalization made an assessment on the strength of these records, but it is shown affirmatively that the corportion had no interest in the notes and mortgages, copies of which were found in the county recorder's office. The corporation itself has merely a superficial life, for the purpose of releasing some of the mortgages which were taken on the blanks divided among the promoters. Under such a state of facts, it is apparent that there is nothing to assess to the corporation, and that the action of the board of equalization, in assessing against it the sum of thirty-five thousand dollars, was, and is, illegal, unless there be something in a claim made by the defendants, that the plaintiff is estopped from questioning the assessment by reason of the fact that many loans appear to have been made by the corporation. It does not appear to us that there is anything in this claim. No estoppel was pleaded by the defendants, and there is no evidence showing, or tending to show, that anyone charged with any duty, with reference to the assessment of property, was in any manner misled by the fact that these mortgages appeared upon the county records, with plaintiff's name as mortgagee. There is no evidence that the moneys and credits, represented by these instruments, were not assessed to the proper parties. Moreover, it appears that there was an assignment of each and all of these mortgages, and

of the notes secured thereby, to the real owners of the paper, and that this assignment was executed before the loans were made. The case lacks many elements necessary to constitute an estoppel. Authorities need not be cited on so plain a proposition.

It is said, however, that the assessment was authorized under section 1288, McClain's Code, which is as follows: "All taxable property shall be taxed each year, and personal property shall be listed and assessed each year, in the name of the owner thereof, on the first day of January, except moneys and credits of associations, organized under the general incorporation laws of this state, * * * and others, who have loaned money, bought notes, mortgages, or other securities, within the year previous to the time of assessing; in every such instance, the average value of the moneys and credits which have been in the possession or under the control of the person making the list, during the year previous to the time of making said assessment, shall be listed for taxation." The evidence conclusively shows that appellee did not own, or have in its possession, or under its control, any money or property of any kind; that it never, in fact, negotiated any loan, and never had any of the notes or mortgages in its possession, or under its control. Consequently, the statute quoted, has no application.

III. The court below rendered judgment against the individual members of the council, of the city of Newton, for the costs of the case. This was erroneous. It is doubtful, to say the least, whether they should have been made parties to the case. But, concede that they were properly in the case, yet they were impleaded in a representative capacity, and should not have been taxed with the costs. The city of Newton is alone responsible for them, and the judgment should have been against it alone. The plaintiff filed in the

district court a paper called a "petition," containing seventeen or more pages of typewritten matter, and a copy fee of four dollars and fifty cents was taxed as part of the costs. Defendants moved to strike this paper from the files, and afterwards filed a motion to retax the costs, in so far as the copy fee was concerned. These motions were each overruled, and it is insisted that the rulings are erroneous. Now, while the statute does not provide for any written pleadings in cases of appeals from the board of equalization, yet it does not follow that such pleadings, when filed, should be stricken from the files. Pleadings often tend to simplify and render certain the issues to be tried by the court in such cases; and the lower court may, in the exercise of its discretion, allow the same to be filed. They, no doubt, tend to expedite the trial; and, when allowed in the exercise of a wise discretion, copy fees may properly be taxed therefor. The motion to retax also asked that the cost of the service of all notices made upon defendants, except the city of Newton, be taxed to plaintiff. It is somewhat difficult to determine upon whom service of notice of appeal from the action of a board of equalization should be made, but we think, as the board acts through, and on, behalf of the city now (*Kinnie v. Waverly*, 42 Iowa, 437), that service upon the mayor, or clerk, is sufficient (Code, 1873, section 2612). But if it be said, that the board of equalization is, in itself, a corporation, and that service should be had upon it, then service upon the mayor, or the clerk, is sufficient, for they are, *ex officio* members and officers of the board of equalization. See Code 1873, sections 518, 522, 531, 829, and 2612. In either event, service upon the mayor, was sufficient, and all that was required to give the lower court jurisdiction. All costs made in the service of other notices, should have been taxed to plaintiff.

The decree and order of the district court, except in the particulars stated, was correct, and will be affirmed, except as to the taxation of costs.—MODIFIED AND AFFIRMED.