OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1897,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

JULIUS LYONS, Appellant, v. THE BOARD OF EQUALIZA-
TION OF THE CITY OF OTTUMWA.*

**Tax.** Under the statute authorizing such ·court to determine as an original question the amount to be assessed, the district court, on appeal from the action of the board of equalization in raising an ·assessment, should, on finding that the property should ·not have been assessed more than the original valuation, reduce the assessment to such amount, although it finds the board acted honestly and fairly in making the increase.

*Appeal from Wapello District Court.*—HON. M. A.
ROBERTS, Judge.

SATURDAY, APRIL 10, 1897.

---

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

THIS is an appeal on the part of the plaintiff from the action of the district court in dismissing his appeal from the defendant board of equalization. It is stipulated by the parties that the finding of facts contained in the decree of the court shall be treated as embracing all of the facts, for the purposes of this appeal. That finding is as follows: "(1) That the assessor of Center township, above county, assessed and valued the property in question (being a stock of merchandise) at five hundred dollars; that afterwards the defendant, the board of equalization, raised such assessment to one thousand two hundred and fifty dollars; that its said action was taken after due notice upon plaintiff, and was done and had in the usual prescribed way, and was regular in all respects as to the method and manner of procedure; and that said board acted carefully and deliberately in the matter, and, in view of the evidence before it, decided the case honestly and fairly, and properly and fairly exercised whatever discretion, if any, was by law vested in said board in regard to said matter. (2) From the evidence introduced upon the trial before this court, the court finds that, as compared with the assessed valuation that year, upon similar classes and kinds of merchandise in said city, and in view of the actual and fair market value of said stock of merchandise in question, as established by a preponderance of the evidence, it should have been assessed and valued at five hundred dollars, and no more." Upon the foregoing finding of facts, the court found, as conclusions of law: (1) That, under the statutes, said board was vested with the discretion of determining the facts, and making a just and equitable assessment of the property in question. (2) That as there was no proof that said discretion was not properly exercised, but, on the contrary, it appeared to have been honestly

and fairly exercised, the court had no power to change or modify the assessment as fixed by said board. It therefore dismissed the case, at plaintiff's costs. To which finding, and the judgment entered in accordance therewith, the plaintiff excepted and appeals.— *Reversed.*

*Work & Lewis* for appellant.

*W. W. Epps*, city solicitor, for appellee.

KINNE, C. J.—I. It is clear that the conclusions of law of the district court upon the facts found were wrong. This court has several times decided that, in case of such appeals, it is the duty of the district court to make a just and equitable assessment. In *Davis v. City of Clinton*, 55 Iowa, 549 (8 N. W. Rep. 423), it is said: "The duty of the circuit [now district] court on appeal was to do that which it was claimed the board failed to do,—make a just and equitable assessment." In *Grimes v. City of Burlington*, 74 Iowa, 126 (37 N. W. Rep. 107), it is said: "Upon the appeal the circuit [district] court becomes the assessing tribunal, which is clothed with authority to determine anew the sum in which the taxpayer is to be assessed. By the appeal, the assessment and equalization are set aside, or superseded, and the assessment is again made by the judgment of the circuit [district] court. * * * That court is required to hear the matter anew, and upon all evidence tending to direct to a just decision." See also cases cited in that opinion. Plaintiff in this case was entitled to a hearing and trial anew, regardless of the finding of the defendant board of equalization, and it was the duty of the district court, upon such hearing, to have made a just and equitable assessment of plaintiff's property. As the district court was authorized, as an original question, to

determine what amount should be assessed against plaintiff's property, it was in no way bound, affected or precluded by the assessment made by the board of equalization. It was not sitting as a court for the purpose of ascertaining whether or not the board had honestly performed its duties according to its best judgment. The district court in such cases acts independently of, and without reference to the action of, the board. As the court found from the evidence before it that plaintiff's assessment should have been fixed at five hundred dollars, it should have entered a decree in accordance with its finding, and erred in not so doing, and in dismissing the case.

II.    These cases are triable *de novo* in this court. *Davis v. City of Clinton*, 55 Iowa, 549 (8 N. W. Rep. 423); *Grimes v. City of Burlington*, 74 Iowa, 123 (37 N. W. Rep. 106); *First National Bank of Albia v. City Council of Albia*, 86 Iowa, 28 (52 N. W. Rep. 334.)

Inasmuch as, upon the conceded facts as found by the district court, the assessment of plaintiff upon the property therein stated should be in the sum of five hundred dollars, this case is reversed and remanded, with instruction to the district court to enter a decree in harmony with this opinion, fixing plaintiff's assessment at the sum of five hundred dollars, and a judgment for all costs should be entered against the defendant.—REVERSED.