In the Matter of the Appeal from the Assessment against
The Sioux City Stock Yards Company.

**Taxation of corporations:** APPEAL: INCREASE OF ASSESSMENT: STATUTES. Under the statues as they now exist the court, on an appeal from an assessment of property by the assessor and the action of the board of review, may increase the assessment against a taxpayer by changing the valuation of his property as assessed or by assessing property not previously taken into account. And in an exercise of this power the court may make a new assessment of corporate stock against the holders thereof in lieu of an assessment of the corporate property to the corporation itself, even though it results in an increase of the taxes on the property of the corporation.

**Same:** CONSTITUTIONAL LAW. The statute conferring upon the court on appeal from an assessment of property power to increase the amount of the assessment as made is not unconstitutional because conferring upon the court legislative power.

**Same:** APPEAL: NOTICE: SUFFICIENCY. Where a corporation is the agent of its stockholders for the purposes of assessment and payment of taxes, a notice of appeal by the municipality from an assessment of its property is sufficient if given only to the corporation, even though the purpose and result of the appeal is to change the basis of assessment from that of the corporation to an assessment of the shares of stock to the stockholders; and such new assessment will not effect a taking of property without due process.

*Appeal from Woodbury District Court.*—Hon. J. F.
Oliver, Judge.

Tuesday, October 25, 1910.

An application was made to the board of review for the assessment of taxes in Sioux City to have the assessment of the Sioux City Stockyards Company made upon its shares of stock as a corporation and not, as the assessor had reported his assessment, upon its property as a merchant. This application, made by taxpayers of the county and members of the board of supervisors, was ignored by the board of review, and the assessment reported by the assessor was confirmed. Thereupon the applicants took an appeal to the district court of Woodbury County in the method provided in Code, section 1373, as amended by chapter 60, Acts 32d General Assembly. The stockyards company, by its president and certain stockholders therein, appeared in the district court, and moved to dismiss the appeal on the ground that the shares of stock were not assessable otherwise than as they had been assessed by the assessor; that the action of the assessor and board of review was final, and could not be inquired into on appeal to the district court; and that the statute on which such appeal was based was unconstitutional. This motion was sustained, and from the court's action in dismissing the appeal the applicants have prosecuted their appeal to this court.— *Reversed.*

*McCoy & McCoy, Ben McCoy,* and *Struble & Struble,* for appellants.

*Milchrist & Scott,* for appellees.

McClain, J.—The assessment which the assessor made against the stockyards company was under Code, section 1318, which provides that any person, firm, or corporation owning or having in possession or under control in the state with authority to sell the same any personal property

purchased with a view of its being sold shall be held to be a merchant and assessed at the average value of the stock during the year, and that such taxation of a corporation coming within this description shall be in lieu of any tax on the corporate shares. The contention of these appellants in their complaint to the board of review was that the corporation should have been assessed under Code, section 1323, which provides that shares of stock of any corporation organized under the law of this state, except corporations otherwise provided for, shall be assessed to the owners thereof at the place where its principal business is transacted, the assessment to be on the value of such shares on the 1st day of January in each year. It is further provided, in sections 1324 and 1325, that the assessment of shares shall be on the basis of their value as found by the assessor, excluding in arriving at such value the real estate of the corporation situated within the state, and that the corporation shall be liable for the payment of the taxes assessed to the stockholders, such taxes being collectible from the corporation in the same manner and under the same penalties as in case of the taxes due from an individual taxpayer, the corporation being authorized to recover from each stockholder his proportion of the taxes so paid, and to have a lien on his stock and unpaid dividends therefor. We are not called upon to decide whether the corporation was properly taxed under section 1318, or should have been taxed under Code, section 1323, providing for the assessment of its property to its shareholders. The sole question presented is whether the trial court erred in refusing to entertain an appeal from the action of the board of review in refusing to make an assessment on the stock which it is conceded would have resulted in the payment of a larger tax by the corporation on behalf of its stockholders than was payable by the corporation as assessed under the provisions relating to merchants.

I.  The first contention of appellee in support of its motion to dismiss the appeal·from the board of review which was sustained by the lower court is that the statute relating to appeals does not authorize a new assessment on such appeal, and that to tax the shareholders, instead of the corporation, is practically to make a new assessment.  Under Code, section 1373, it is provided that an appeal from the board of review to the district court may be taken by any person aggrieved by the action of the assessor in assessing his property, and that on such appeal the court shall determine anew all questions arising before the board relating to the liability of the property to assessment or the amount thereof.  Under this provision, it. has been held in 'numerous cases which need not here be cited that the court has no authority to increase the assessment, but can only confirm, reduce, or annul it with direction to the county auditor to correct the assessment book accordingly, if any correction is found necessary.  With this construction of the statute in view, the Legislature in 1907 (Acts 32d General Assembly, chapter 60) amended the section of the Code last above referred to by adding the following provisions:

> Any officer of a county, city, town, township or district interested or a taxpayer thereof can in like manner, make complaint before said board of review in respect to the assessment of any property in the township, city, or town, and an appeal from the action of the board of review in fixing the amount of the assessment on any property concerning which complaint is made, can be taken by any of such aforementioned officers.  Such appeal is in addition to the appeal allowed to the person whose property is assessed and shall be taken in the name of the county, city, town, township or district interested and tried in the same manner, except that the notice of appeal shall be also .served upon the owner of the property concerning which complaint is made 'and affected thereby or person

*Margin note: 1. Taxation of corporations: appeal: increase of assessment: statutes.*

required to return said property for assessment. Upon trial of any appeal from the action of the board of review fixing the amount of assessment upon any property concerning which complaint is made, the court may increase, decrease or affirm the amount of the assessment appealed from.

It is conceded that, if this statute is constitutional, it authorizes an increase of the assessment against the taxpayer by a change in the valuation of the property assessed or by assessing him for property not taken into account by the assessor and the board of review; but the point made for appellee on the interpretation of the statute is that it does not authorize a new assessment against stockholders where the assessor and board of review have assessed the property to the corporation itself as a merchant. This point we think is not well taken. The assessment to the stockholders on the value of their shares of stock is in practical effect an assessment on the corporation. The valuation of the property in either case is on the same basis, and whether the taxes paid by the corporation are levied against it on its own property or as representative of the stockholders from whom the corporation is authorized to collect it is as it seems to us quite immaterial. In either event, the corporation must pay the tax. If as a result of an assessment made on shares of stock the total amount of taxes to be paid by the corporation is greater than that assessed against it directly by the assessor and board of review, then the tax is increased. We are not disposed to give a narrow construction to the language of the statute by which the district court on appeal by public officers is authorized to increase the taxes assessed against a taxpayer. It is in the public interest that all taxpayers without subterfuge or evasion be compelled to bear the reasonable burdens imposed on their property for the support of the government, and the appeal by citizens to the board of review and from the board of review by public officers to

the district court as provided by statute is plainly intended to accomplish this purpose. The result of the taxation by assessment to the stockholders on the value of their shares of stock would be to increase the taxes to be paid on account of the property of the corporation and the amount of such taxes would still be payable by the corporation. This result we think is within the scope of the power of the district court under the statute to increase the assessment.

It can not reasonably be contended that under the statute, the court is limited to an increase in the assessable value of the property which has been taken into account in the assessment by the assessor and board of review. A complaint before the board of review in respect to the assessment of any property may as well relate to the failure to make an assessment on account of such property as to the making of an assessment at too low a valuation, and it is the action of the board of review with reference to such complaint which the district court may review on appeal by public officers.

II. Another ground on which appellant seeks to sustain the action of the lower court in dismissing the appeal is that, so far as the statute purports to confer upon the district court on appeal the power to increase the amount of an assessment made, it is unconstitutional in attempting to confer upon a constitutional court legislative power, in contravention of article 3, section 1, Constitution, which provides that the powers of government of the state are divided into three departments, legislative, executive, and judicial, and that no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others except as by the Constitution expressly directed or permitted. The broad contention is that the power to tax is legislative power, and that the exercise of it can not be intrusted

2. SAME: constitutional law.

to the district court, which under the Constitution has only judicial powers. It is, of course, true that the power to tax—that is, the power to provide the method of taxation and specify the subject-matter to be taxed—is legislative; but the determination of questions of fact as to whether particular property comes within the statutory description and particular persons are persons required to pay taxes on property, as well as the determination of the correctness of the method pursued in any particular case, may well be and often is strictly judicial. So far as the determination involves the interpretation of the law and the decision of issues of fact on evidence submitted in accordance with the rules of law, it is necessarily judicial in its nature. Such questions may be left to special tribunals or officers exercising *quasi* judicial functions, or provision may be made for their determination by courts of law. It is well settled that judicial questions can be left for determination to constitutional courts, although they arise in the exercise of executive or legislative powers. *State v. Barker,* 116 Iowa, 96; *Denny v. Des Moines County,* 143 Iowa, 466. This proposition seem not to be seriously controverted by counsel for appellee, for they do not contend that the entire section of the Code relating to appeals from the action of the board of review is unconstitutional, and, if it is constitutional so far as it authorizes an appeal by the property owner, it must also be constitutional so far as it authorizes an appeal by officers or taxpayers in behalf of the public, for in either case it relates to the exercise of the power of taxation which as counsel contend is a legislative power. The exercise by the district court of the power to inquire on appeal from the board of review into the correctness of an assessment involving the valuation of property or the liability of a property owner to assessment for property has too long been acquiesced in to justify a serious review of the question. See *Lyons v. Board of Equalization,* 102 Iowa, 1; *Schoonover v. Petcina,*

126 Iowa, 261; *Gibson v. Cooley,* 129 Iowa, 529. We do not· find it necessary to discuss the various cases cited for the appellee on this question, for they relate rather to the general exercise of the taxing power which is in its nature legislative, rather than to the exercise of the judicial function of determining questions of law and fact. In determining what property is taxable and in ascertaining its ' value for the purpose of taxation the tax officers act judicially. *Woodbury County v. Talley,* 147 Iowa, 498; *Boody v. Watson,* 64 N. H. 162 (9 Atl. 794). It is clear, therefore, that an appeal involving the correctness of such judicial determination presents a judicial question.

III.   The statute requires notice of the appeal by officers or taxpayers in the interests of the public to be served upon the owner of the property concerning which the complaint is made and affected thereby or person required to return such property for assessment.   As the corporation was in this instance the person required to make the return on which the tax based upon the shares of stock should be made, and also was required to pay the tax thus levied, we are satisfied that notice to the corporation . was sufficient. The assessment against the stockholders which the district court was asked to make would not therefore have been invalid as depriving the stockholders of their property without due process of law under the guaranty of the fourteenth amendment to the federal Constitution.   A similar question was raised in the case of *First National Bank v. Independence,* 123 Iowa, 482, with reference to the levy of an assessment of a tax on a national bank under Code, section 1322, which provides for an assessment against the stockholders on a valuation of their stock based upon the returns of the bank of its property from which a valuation of the shares is to be determined and payment of the tax by the bank for the stockholders, and this court held that by force of the statute the bank in such case is the agent

3. SAME: appeal: notice: sufficiency.

of its stockholders respecting the matter of assessment for taxation purposes and the payment of the taxes levied. Plainly, then, 'for the purposes of taxation, the corporation in this case represented its stockholders in such sense that notice of the appeal was sufficient to enable the district court to determine the value of the shares and the amount to be paid by the corporation on account of the holders of such shares, irrespective of their residence, and therefore irrespective of the possibility of serving notice on the stockholders individaully. Counsel for appellee have not called our attention to any authority for their contention that a tax authorized by the district court as the result of the proceedings on this appeal would be invalid so far as the stockholders are concerned on the ground that they would thereby be deprived of their property without due process of law. The objection is to our mind so plainly without force that a further discussion of it would not be justified.

We reach the conclusion that the trial court erred in dismissing the appeal from the board of review, and its judgment therefore is *reversed.*