UTICA REALTY COMPANY, Appellant, v. THE LOCAL BOARD OF REVIEW et al., Appellees.

CENTRAL NATIONAL BANK & TRUST COMPANY et al., Appellants, v. THE LOCAL BOARD OF REVIEW et al., Appellees.

No. 45576.

DECEMBER 9, 1941.

REHEARING DENIED MARCH 13, 1942.

Parrish, Guthrie, Colflesh & O'Brien, for appellants.

Charles Hutchinson, B. J. Flick, Francis J. Kuble, Howard M. Hall, and James P. Irish, for appellees.

WENNERSTRUM, J.—Plaintiffs, in the action now before us on appeal, sought in a mandamus proceedings in the district court to compel the local Board of Review of the city of Des Moines to comply with prior orders of the state board of assessment and review, now the state tax commission. The defendants claimed that they had complied with the orders of the state tax commission, and upon submission of the issues to the court the petitions of the plaintiffs were dismissed. They have appealed.

The two cases herewith submitted were tried upon the same record in the district court and upon application to this court it has been ordered that they be submitted on the same abstract of record and the same briefs and arguments. By reason of the procedure followed in the district court and the order heretofore entered in this court, this opinion will apply to the two respective cases.

As a result of the appeals to the district court by the interested taxpayers in the cases now under consideration from the final action of the Board of Review, valuations were agreed upon and placed upon the properties in question in de-

crees entered in the district court. Thereafter as a result of orders of the state board, which occasioned other litigation and to which reference will be hereinafter made, valuations of virtually all properties in the city were ordered changed depending upon the zone or district in which they were located. The question involved in this appeal is whether the change of valuation should be made on the basis of the original assessment or on the valuation set in the decree entered in the district court.

A statement as to the development of this litigation seems advisable.

The real inception of the difficulties that have brought about the present controversy developed as a result of the tax assessments made in Des Moines in 1937. In making the assessments under date of January 1, 1937, the assessing authorities of the city of Des Moines divided the entire assessment districts into a number of taxing zones or subdivisions.

The manner of assessment followed is succinctly described in State ex rel. State Board of Assessment and Review v. Local Board of Review of Des Moines, 225 Iowa 855, 857, 283 N. W. 87, where the initial history of this tax litigation is set out. In this case, in further describing the mode of assessment, it is stated:

"* * *. The land values in such various zones or districts were appraised separately from the improvements thereon. Measurements of the cubical contents of the improvements or buildings thereon were made and classified according to type. There was no appraisal of individual residences or business structures as separate items, but all structures were valued according to certain unit costs based upon reproduction minus depreciation.

"The ground or lot values minus the improvements were then added to the unit estimated costs of said improvements, minus depreciation. The valuation so determined was entered on the assessment rolls and then arbitrarily discounted from two to fifty per cent, the discount not being based upon the physical condition of the improvements but according to location. * * *."

A number of taxpayers appealed to the Board of Review from the assessments made by the assessor, and after the assessments were finally made by that Board further appeals to the district court of Polk County were taken by a large number of taxpayers. It appears that the refusal of the Board of Review to further reconsider assessments was made in July 1937.

As a means of obtaining adjustments and reductions in their assessments certain interested and objecting taxpayers thereafter appealed to the state board of assessment and review as is provided by statute. This board after consideration of the matters before it made an order on September 18, 1937, wherein it directed the Local Board of Review in Des Moines to reduce the assessments in the district wherein the property now under consideration is located in the amount of 11.8 per cent. Changes as to valuations in varying proportions were made in the different zones or taxing districts. Several supplemental orders were made by the state board of assessment and review relative to the Board of Review complying with the original order.

However, on November 17, 1937, the city council of Des Moines, sitting as a Board of Review, passed a resolution to the effect that the 1937 real estate assessment of the city of Des Moines be "modified by reducing the amount of the assessment on each and every parcel of property, in an amount equal to 7 per cent of the assessment on said parcels of property."

This resolution further incorporated the following statement:

"That the order of the State Board of Assessment and Review filed with this council, ordering and directing certain reductions in the assessments and certain increases in the assessments, be disregarded."

As a result of the refusal of the city council sitting as a Local Board of Review to carry out the orders of the state board of review, a mandamus action was commenced in the district court of Polk County, Iowa, to compel the Local Board of Review to comply with the orders of the state board.

Upon submission of this action to the district court the relief sought was denied and thereafter an appeal was taken to this court. Our consideration of this earlier litigation is found in the case of State ex rel. State Board of Assessment and Review v. Local Board of Review of Des Moines, supra. We reversed the rulings and decision of the district court and held that the state board had authority to make the orders that it did. In that case this court held, at page 871 of 225 Iowa, page 94 of 283 N. W., as follows:

"It is our conclusion that the facts disclosed by the evidence in this case were amply sufficient to give the state board of review jurisdiction to order the correction of such discriminations as they determined were the result of the unjust action taken by the city assessor and local board of review.

"The order here made was not equivalent to a new or original assessment nor a revision of individual assessments, but dealt with the aggregate valuation in the several zones. It conformed to and corrected the unequal discounts which it determined had resulted in discrimination and is the kind of an order which the state board of assessment and review has authority to make. * * *."

During the time that the case of the State ex rel. State Board of Assessment and Review v. Local Board of Review of Des Moines, supra, was pending in the district and the supreme courts, considerable litigation had developed in the way of appeals from the assessments made by the assessor and as confirmed or modified by the Local Board of Review. Among these cases were appeals to the district court relative to the assessment of the properties involved in the present litigation. In order to avoid the necessity of litigating all these various appeals there were numerous conferences entered into between the interested taxpayers and their counsel and officials representing the taxing units of the city. In a large number of cases agreements were reached as to valuations, and decrees were entered. In the cases involving the properties here under consideration, decrees were also entered in the district court wherein valuations were noted but a controversy has developed by reason of a dif-

ference of opinion whether or not there was an agreement that this valuation as noted in the decree should be final in all respects. This phase of the question will be commented on later in this opinion.

The facts pertaining to the valuations for tax purposes and relating to the several properties in question are as follows:

The Utica Realty Company property was originally assessed at $583,309. The Local Board on its own motion reduced the assessment to $581,839. By virtue of the 7 per cent reduction ordered by the Local Board the valuation was further reduced to $541,110. The decree valuation was $510,000. It is shown by the record that the assessor, in seeking to conform to the orders of the state board of assessment and review, assessed the property at $513,182 which is the valuation now placed upon the property for taxing purposes. This last valuation was arrived at by reducing the original value of $581,839 by 11.8 per cent instead of using the decree valuation of $510,000, as is contended for by the plaintiffs.

As to one of the Edmundson estate properties it is shown that the original valuation was $53,862. This was originally reduced by the Local Board to $50,092. The valuation placed in the decree was $48,000. The assessor in his efforts to conform to the order of the state board of assessment and review made a reduction on the assessed valuation of this property on the basis of 11.8 per cent of the original valuation of $53,862 thus making the valuation after this reduction $47,506. The other property owned by the Edmundson estate and which is involved in this appeal was originally valued for tax purposes in the amount of $21,099. The Board of Review reduced the assessment to $19,622 and the valuation placed in the decree was $18,000. The final assessment as noted by the city assessor in his effort to conform to the order of the state board of assessment and review was on the basis of 11.8 per cent of $21,099 or a final valuation of $18,609.

The question that is before us for consideration is whether or not the general reduction ordered by the state board of assessment and review of 11.8 per cent should be based upon the original assessed valuation as is contended for by the taxing authorities or the decree valuation. In Des Moines Gas Co. v. Saverude,

190 Iowa 165, 180 N. W. 193, a situation of a somewhat similar nature is noted. In that case, as in the present one, there appeared to have been some misunderstanding between the interested counsel as to a claimed agreement. This last-referred-to opinion was considered by the trial court in the present litigation, as is noted by the memorandum ruling which was filed. The trial court indicated that it gave particular·consideration to what appeared to it as a variance in the facts in the two cases and deemed that because of the variance of these facts the case was not applicable to the questions before it. We have also given consideration to this last-referred-to opinion and believe that certain statements therein made are applicable and should be followed.

In the matter now on appeal it was contended in the lower court by the appellees that there was an agreement between the respective counsel for the taxing bodies and the counsel for the taxpayers involved in this case to the effect that the valuation noted in the decree was to be final. The evidence shows that the officials representing the taxing units and the many taxpayers and their counsel had a number of conferences, but the one witness who testified as to the claimed agreement between the interested counsel in this case was not definite as to any particular agreement entered into in relation to the appeals pending in the district court relative to the properties involved in this particular litigation. This witness testified as to agreements in a number of other cases but there was no definite testimony as to an agreement that the valuation set in the decree involving the properties now under consideration should be final and not subject to any further reduction. Consequently we are, as previously stated, disposed to rest our decision on the law as announced in the Des Moines Gas Co. v. Saverude case, supra. In that case, at page 169 of 190 Iowa, page 195 of 180 N. W., this court said:

"* * *. The sole question in the district court was the fair valuation of the property at the time of the original assessment. It may be true that, under some circumstances, and for some purposes, the amount fixed by the board of review would be presumed to be correct until reversed on appeal. But the case

was pending on appeal, and liable to be reduced, and it was so reduced on final hearing. Necessarily, the valuation of the property could not be determined until the appeal was disposed of, and when that was done, and the valuation finally fixed, such valuation could only be the valuation which should have been placed upon the property by the assessor in the first instance. In short, the valuation, as finally fixed, would relate back to the time of the original assessment. Had the case been tried in the district court, instead of being disposed of under the stipulation, the court would simply have found the value of the property, without taking into consideration any reduction ordered by the state board. As said, the question was the value of the property; and when that was fixed, the 9 per cent reduction ordered by the state board would be deducted. We have held that, on appeal to the district court, it is the duty of the court to do that which it was claimed the board failed to do: that is, make a just and equitable assessment. * * *."

The case of Philadelphia & Reading Coal & Iron Co. v. School District, 304 Pa. 489, 493, 156 A. 75, 76, 76 A. L. R. 1007, 1009, discloses a situation and a statement that is helpful in our consideration of the case at bar. Under the statutes of Pennsylvania provision is made for the recovery of excess payment of taxes where a question arises as to the assessment valuation. In this last case, the following statement is made:

"When a disputed assessment is finally determined, it relates back to the time when under the law it was required to be made, and payment of taxes assessed during that period will be presumed to be made on such valuation. That the valuation was still on appeal and not finally determined is immaterial."

It is our judgment that the comments and reasoning of the Pennsylvania court are sound and can be properly applied to the present case. There was an appeal taken to the district court from the valuation of the particular properties in question as made by the Board of Review. There was no final determination of these particular assessments until the decree was entered. The obtaining of the decree was a part of the assessment and valuation proceedings and it was not until it became effective

that the original assessment proceedings were terminated. This final valuation naturally relates back to the time of the original assessment. It was all a part of the machinery to ascertain as to what the true value of the properties was for the year in question. Davis v. Clinton, 55 Iowa 549, 551, 8 N. W. 423; Grimes v. Burlington, 74 Iowa 123, 126, 37 N. W. 106; Lyons v. Board of Equalization, 102 Iowa 1, 3, 70 N. W. 711; In re Sioux City Stock Yards Company, 149 Iowa 5, 11, 127 N. W. 1102; Iowa National Bank v. Stewart, 214 Iowa 1229, 1236, 1237, 232 N. W. 445. See also Judicial Review of Tax Assessments in Iowa, 26 I. L. R. 723, 741.

Our study of all the cited cases herein has caused us to reach the conclusion that the decree valuation should be the basis upon which the reduction should be made as previously ordered by the state board of assessment and review.

The decree is merely a finding as to what the original valuation should have been. We do not see any reason why this final valuation should not be the basis upon which the reduction as ordered by the state board of assessment and review should be made.

By reason of our expressions and holdings herein announced it is our judgment that the district court was in error in dismissing the petition for mandamus as asked in the cases involved in this appeal. This cause is therefore reversed and remanded with instructions to enter a decree in conformity with the pronouncements here made.—Reversed and remanded.

CHIEF JUSTICE and all JUSTICES concur.