THE CITY OF BURLINGTON v. LEEBRICK ET AL.

1. **Municipal Corporations**: ADDITION OF TERRITORY: SPECIAL CHARTER.  Section 431 of the Code, providing that cities may institute proceedings in the Circuit Court for the annexation of contiguous territory under certain conditions, is not controlled, with respect to its operation upon cities acting under special charters, by section 551 of the Code.  Its provisions apply as well to cities organized under special charters as to those incorporated under the general law.

2. ————: CONSTRUCTION OF STATUTE: CONSTITUTIONAL LAW.  The section (431) is not liable to the constitutional objection that it confers legislative powers upon the Circuit Court, or that the power to be exercised under it is the creation of a corporation.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, JUNE 7.

ON the 22d of April, 1874, the plaintiff filed in the Des Moines Circuit Court a petition, alleging that the city of Burlington is a municipal corporation, organized and operating under a special charter, and stating its corporate limits.

The petition further represents that Samuel Leebrick, one of the defendants, owned abutting and contiguous territory to the corporate limits of said city; that said defendant has laid out, platted and divided said territory into lots or parcels containing less than two acres, and has made it an addition to the city of Burlington; that since said addition has been laid out and divided by said defendant, many of said lots have been sold to other parties, defendants herein, and said lots have been improved and dwellings and business houses have been erected thereon, so that the same has become a part of the actual settled and improved addition of said city; that said city has grown and increased in numbers since its limits were established, and has become settled, and the city has expended large sums of money, by means of which and the growth of said city, said contiguous territory has become valuable as city property, and ought to be annexed to said city and made a part thereof; that plaintiff caused a correct map or plat of said addition to be made, and the same is hereto annexed and made a part hereof; that said map shows the divisions and sub-division of said addition, and the lots and parcels of ground therein designated, together with the owners of each lot or parcel of ground shown thereon; that plaintiff is desirous of annexing said territory to said city, and making the same a part of said city, and for this purpose filed this petition under the law, and, from the facts herein stated, asks that a decree be granted annexing said territory to said city, and making the same a part thereof, as by law provided, and that petitioner have such other and further relief as may be equitable in the premises, and judgment for costs.

The defendants filed a demurrer to this petition as follows:

" 1.   The petition does not state facts sufficient to consti-
tute a cause of action.   Plaintiff being organized under a
special charter, the statute on which the suit is based has no
application, but its provisions only apply to cities organized
under the general incorporation law.

2.   There are no proper parties, and the court is not called
upon, and cannot determine any question of private rights of
persons or property.   It can render no judgment nor issue
any process to enforce its order.   The whole affair is political.

3.   The court has no jurisdiction of the subject of the
action, nor to grant the relief asked.   The remedy sought is
an act of incorporation, which is not within the judicial power
of the court, and the legislature had no legal power or author-
ity to grant this authority to the court.

4.   The act of the legislature on which the proceeding is
based is unconstitutional and void, being an attempt to dele-
gate a legislative power to the court, and is therefore illegal."
The court sustained this demurrer.   Plaintiff appeals.

*A. H. Stutsman*, for appellant.

The courts will, if possible, give effect to statutes.   (*Baker
v. S. B. Milwaukee*, 14 Iowa, 28; *Casey v. Harned*, 5 Id., 1.)
It is an ordinary exercise of the legislative dominion over
municipal corporations to provide for their enlargement or
division.   (Dill. on Mun. Corp.. § 129.)   In Ohio the power
to annex territory to cities is granted to the County Commis-
sioner.   (*Blanchard v. Bissell*, 11 Ohio St., 285.)   In Pennsyl-
vania this power is vested in the courts.   (*Borough of Little
Meadow*, 35 Pa. St., 335.)   The legislature may provide for
the organization of cities through the courts, and the power
to incorporate includes the power to annex contiguous terri-
tory.   (*Ex parte Pritz*, 9 Iowa, 36; *Langworthy v. Dubuque*,
16 Id., 271.)   The courts are authorized to declare a legisla-
tive act unconstitutional and void only when it clearly and
palpably violates the constitution.   (*Morrison v. Springer*,
15 Iowa, 304; *Santo v. The State*, 2 Id., 208.)   Courts will
give to acts of the legislature such a construction as will
maintain them.   (*Corn v. Williams*, 11 Pa., 61.)   A court

has jurisdiction of any subject matter if, by the law of its organization, it has authority to take cognizance of and determine cases of that description. (Cooley on Const. Lim., 397.)

*Hall & Baldwin*, for appellees.

The creation of incorporations is an act of sovereign legislation. (Dill. on Mun. Corp., §§ 124–6; Angell & Ames on Corp., §§ 70–5; *Jones v. Scott*, 5 How., 343; *Myers v. Bank*, 20 Ohio, 294.) The legislature may delegate the question of *acceptance* of the power. (*Banks v. Brown*, 26 N. Y., 467; *Starin v. Genoa*, 23 Id., 439.) The distinction between the mere acceptance of corporate authority, and a case like the present, has been recognized. (*Borough of Searkley*, 12 Casey, 80.) That which distinguishes a legislative from a judicial act is, that the latter is the determination of what the existing law is, in relation to some existing thing already done or happened, while the former is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions. (Cooley's Const. Lim., 90; *Bates v. Kimball*, 2 Chip., 77.)

DAY, J.—This proceeding is instituted under section 431 of the Code, which is as follows:

"When any incorporated city shall desire to annex to such corporation any abutting and contiguous territory thereto which is not embraced within the limits of any city, and which territory has been laid out in lots or parcels containing two acres or less, the council of such corporation may present to the Circuit Court of the county in which such city is situated a petition setting forth the facts and describing the territory that is desired to be annexed, and that the same has been laid out as above mentioned, together with the names of each owner of any portion of such territory, without describing at length, if there is more than one such owner, the particular portion of such territory owned by each, which petition shall have attached thereto a map or plat of such territory. A notice of the filing of such petition shall be served by publication in one daily or weekly newspaper published in such city, and by posting in five public places in

the territory outside of said city for the period of four weeks; and the corporation shall be plaintiff and said owners defendants, and issues joined and the cause tried in the ordinary manner as far as applicable, except that no judgment for costs shall be rendered against any defendant who does not make any defense. If the court find the allegations of the petition to be true, and that justice and equity require that said territory, or any part thereof, should be annexed to such corporation, a decree shall be entered accordingly, and from the time of entering such decree, the territory therein described shall be included in and become a part of such corporation. The powers conferred under the provisions of this section shall also apply to cities acting under special charters.''

The demurrer presents the point that this statute does not apply to the city of Burlington, which was organized and is

1. MUNICIPAL existing under a special charter. It is conceded, corporations: that if this section stood alone, its application to contiguous territory: cities organized under special charters would be special charter. clear, for the closing paragraph of the section declares in language clear and unambiguous, that its provisions shall apply to such cities. It is claimed, however, that this provision is controlled and neutralized by section 551 of the code. This is the last section of chapter 10 of which section 431 is a part. This section is as follows:

"All acts and parts of acts passed subsequent to the 4th day of July, A. D. 1858, and prior to the taking effect of this code relating to cities of the first and second class and incorporated towns, or to any or either of said classes of municipal corporations, and applicable both to such corporations as are acting under special charter, and to such as are incorporated under the general act of which this chapter is an amendment, are repealed by the code only so far as they affect the latter, and not as they affect corporations acting under special charters. All rights, powers, privileges, duties, directions and provisions whatever, contained in and enacted by such acts and parts of acts, shall remain in full force and effect so far as municipal corporations acting under special charters are concerned, and the provisions of this chapter shall not apply to any city

or town incorporated prior to the 18th day of July, A. D. 1858, unless the same be adopted as hereinbefore provided." Section 47 of the code, is as follows:

"All public and general statutes passed prior to the present session of the General Assembly, and all public and special acts, the subjects whereof are revised in this code, or which are repugnant to the provisions thereof, are hereby repealed, subject to the limitations and with the exceptions herein expressed."

After the passage of the general incorporation law, many statutes were passed, conferring powers upon cities organized under special charters. These statutes were in effect amendments, in necessary particulars, of their charters. An example of this kind of legislation is presented in *Haskell v. The City of Burlington*, 30 Iowa, 232. Chapter 10 of the Code contains general provisions respecting the incorporation of cities and towns, and provides means whereby cities and towns organized under special charters may abandon such organization, and organize under the provisions of this chapter ten.

But any city organized under a special charter may elect to remain under such organization.

To all such cities the various acts above spoken of, conferring powers amendatory of their charters, are vital and important. But, under the general repealing clause of section 47, most, if not all of them, might have been repealed. Hence the necessity for Section 551, which continues such statutes in force so far as they affect corporations acting under special charters. This is evidently the principal purpose of this section. But it goes further, and declares that the provisions of this chapter shall not apply to any city or town incorporated prior to the eighteenth day of July, A. D. 1858, unless the same be adopted as hereinbefore provided.

This chapter directs the general mode of procedure for cities incorporated, as it provides, under a general statute. These provisions do not apply to cities organized prior to the 18th day of July, 1858, nearly all of which must, of necessity, have been organized under special charters, unless they

abandon their prior organization and adopt the provisions of this chapter.

Section 551 excepts all such cities from the general provisions of Chapter Ten; and were it not for Section 431, perhaps no provision of this chapter would apply to such cities. But Section 431 expressly provides that its provisions shall apply to cities acting under special charters. The general must yield to the particular.

II. It is claimed that this section confers upon the Circuit Court legislative powers, and is, therefore, a direct violation of Article 3, Section 1, of the State Constitution. This provision of the Constitution is as follows: "The powers of the government of Iowa shall be divided into three separate departments, the legislative, the executive, and the judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted." It is claimed that no fact is submitted to the court upon which its decree is to be based; that in the very nature of things there can be no issue formed susceptible of proof, and that the thing contemplated to be done is the creation of a corporation, which is an act of sovereign legislation. In these positions we think appellees are in error. Section 431 provides that the territory to be annexed must be abutting and contiguous to the city, and it must have been laid out into lots or parcels containing two acres or less. The petition must describe the territory and allege these facts. Certainly these are issuable facts, and the section provides that issues may be joined and the cause tried in the ordinary manner. The determination of these issues is a judicial act. It pertains neither to the legislative nor to the executive departments of the government. The legislature has passed a general statute declaring that territory to which certain conditions belong may be annexed to an incorporated city. The right to annex it depends upon the existence of the conditions. The legislature might have referred the question of the existence of these conditions to the board

*2. ——: construction of statute: constitutional law.*

of supervisors, or might have created a special tribunal for its determination; but the question, by whomsoever determined, involves the examination and weighing of testimony, and partakes of the nature of a judicial act. It is not the sole province of courts to determine "what the existing law is in relation to some existing thing already done or happened." It is as much a judicial act to determine what are the facts of a particular case, and whether they bring the case within the operation of a recognized principle of the existing law.

Nor is it proper to designate the thing to be accomplished by this statute as the creation of a corporation. A corporation is an artificial being, clothed with certain powers. In the present case such a corporation exists, known as the City of Burlington. When the act sought in this petition is accomplished, no new corporation will have been created. All that is sought is to extend the territorial limits of the City of Burlington, so as to embrace territory not already included within it. That this may be done, see *Langworthy v. The City of Dubuque*, 16 Iowa, 271. The most practicable way of accomplishing this end is to provide by general statute the conditions under which contiguous territory may be attached to a city, and then authorize some local tribunal to determine whether the conditions exist, and whether, under all the circumstances, justice and equity-require that the territory should be annexed. The statute submits these questions to the Circuit Court, and we have no doubt that they are so far of a judicial character that they may properly be vested in the judicial department of the State, under our constitution.

The cases cited by appellee are not in conflict with the foregoing views.

REVERSED.