SCOTT COUNTY MACADAMIZED ROAD COMPANY *v.* STATE OF MISSOURI EX REL. HINES, PROSECUTING ATTORNEY OF CAPE GIRARDEAU COUNTY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 52.   Argued December 7, 8, 1909.—Decided December 20, 1909.

Following the construction given by the state court, *held* that where a charter for a toll-road provided that the privileges granted should continue fifty years subject to the right of the county to acquire it after twenty years, all privileges ceased on the expiration of the fifty years; and the owner of the franchise was not deprived of his property without due process of law, nor was the obligation of the contract in its charter impaired, by an injunction, from further maintaining toll-gates on such road.

207 Missouri, 54, affirmed.

THE facts are stated in the opinion.

*Mr. Edward S. Robert,* with whom *Mr. Douglas W. Robert* and *Mr. William L. Becktold* were on the brief, for plaintiff in error:

A franchise or charter granted by a State to a quasi-public corporation is a contract the obligation of which cannot be impaired. *St. Clair Turnpike Co.* v. *Illinois,* 96 U. S. 63; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *New Orleans Waterworks Co.* v. *Rivers,* 115 U. S. 674; *Pearsall* v. *Great Northern R. R. Co.,* 161 U. S. 663.

The decision of a state court, holding as a matter of construction, that a particular charter or charter provision does not constitute a contract, is not binding on this court. *Mobile & O. R. R. Co.* v. *Tennessee,* 153 U. S. 486.

Due process of law requires compensation to be made, or secured, to the owner of private property when it is taken by

a State or under its authority for public use. *C., N. O. & T. P. R. Co.* v. *Kentucky*, 115 U. S. 321; *C., B. & Q. Ry. Co.* v. *Chicago*, 166 U. S. 226; *Norwood* v. *Baker*, 172 U. S. 269.

A judgment of a state court, even if it be authorized by statute, whereby private property is taken for the State or under its direction for public use without compensation made or secured to the owner, is wanting in the due process of law required by the Fourteenth Amendment. *Tindal* v. *Wesley*, 167 U. S. 222; *Smyth* v. *Ames*, 169 U. S. 526.

Corporations are persons within the meaning of the constitutional provision forbidding the deprivation of property without due process, as well as a denial of the equal protection of the laws. *Covington Turnpike Co.* v. *Sandford*, 164 U. S. 578; *Smyth* v. *Ames*, 169 U. S. 466; *People* v. *Roberts*, 171 U. S. 658, 683; *Railway Co.* v. *Ellis*, 165 U. S. 150; *United States* v. *Express Co.*, 164 U. S. 686; *Railway* v. *Beckwith*, 129 U. S. 268; *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196; *Cooper &c. Co.* v. *Ferguson*, 113 U. S. 727.

If an instrument is subject to two constructions, the rule that the construction most favorable to the public should be adopted does not apply, if its application would obviously defeat the legislative intent. *A fortiori* the rule has no application where the meaning of the grant is clear and free from ambiguity. *Moran* v. *Miami Co.*, 2 Black, 722; *St. Clair Turnpike Co.* v. *Illinois, supra.*

*Mr. M. A. Dempsey* and *Mr. T. D. Hines* for defendant in error:

The charter expressly provides that the privileges granted by the charter shall continue for fifty years. The company and its franchise to take tolls therefore expired February 24, 1903. Session Laws, 1853, 337, 338.

The roadbed in question was a public highway established by public authority for public use, and is to be regarded as a public easement and not as private property. The right to

travel over the road was an easement vested in the public, and when the charter expired this easement continued, disburdened of tolls, but otherwise unaffected. *State* v. *Hannibal County Road Co.*, 138 Missouri, 332; Campbell on Highways, No. 8, p. 8; No. 14, p. 11; *Benedict* v. *Gait*, 3 Barb. 469; *Davis* v. *New York*, 14 N. Y. 516; *St. Clair Co. Turnpike Co.* v. *Illinois*, 96 U. S. 63; 27 Am. and Eng. Ency. of Law, 320; *Pittsburg &c.* v. *Commonwealth*, 104 Pa. St. 583; *State* v. *Lake*, 8 Nevada, 276; *State* v. *Curry*, 6 Nevada, 75; *State* v. *Dayton*, 10 Nevada, 115; *Wood* v. *Turnpike Co.*, 24 California, 474; *Craig* v. *People*, 47 Illinois, 487; *Police* v. *Jury*, 44 La. Ann. 137; *Hayward* v. *Mayor*, 8 Barb. 492; *Hooker* v. *Utica*, 12 Wend. 371; *State* v. *Passaic*, 42 N. J. L. 524; *State* v. *Mayor*, 29 N. J. L. 441; *Kansas* v. *Lawrence*, 22 Kansas, 438; *Blood* v. *Woods*, 95 California, 78; *People* v. *Davidson*, 21 Pac. Rep. 538; *State* v. *Maine*, 27 Connecticut, 641; *Central Bridge* v. *Lowell*, 15 Gray, 106; *People* v. *Newburg*, 86 N. Y. 302; *Heath* v. *Barrymore*, 50 N. Y. 302.

The words "perpetual succession" mean continuous succession during the life of the charter only. Of themselves they do not confer perpetuity upon a corporation. The word "perpetual" qualifies the succession and not the duration of the corporation. *State ex rel.* v. *Payne*, 129 Missouri, 477; *Ralls Co. Case*, 138 Missouri, 332.

The claim of fee simple to the roadbed as a defense is untenable.

No constitutional question is involved. The county does not seek to take any property without compensation, or without process of law, but merely seeks by process of law an adjudication as to whether or not the right or franchise to take tolls has expired.

Injunction is a proper remedy. This court is without jurisdiction to determine the appeal. There is no Federal question in the case. *Mills* v. *County of St. Clair*, 8 How. 567; *Davidson* v. *New Orleans*, 96 U. S. 97; *New Orleans* v. *N. O. Waterworks Co.*, 185 U. S. 336; *Satterlee* v. *Matthewson*, 2

Pet. 380; *Watson* v. *Mercer*, 8 Pet. 88; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 583; *Bank* v. *Buckingham*, 5 How. 317; *Miss. & M. R. Co.* v. *Rock*, 4 Wall. 177.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought in pursuance of a statute to enjoin the plaintiff in error from maintaining toll-gates upon a road alleged to be a public highway. The defendant justifies under a charter granted by a special act of February 24, 1853, which contained the following section: "8. The privileges granted in this charter shall continue for fifty years; provided, that the county courts of the counties of Cape Girardeau and Scott may, at the expiration of twenty years, or any time thereafter purchase said road at the actual cost of construction, and make it a free road." Mo. Laws, 1853, pp. 337, 338. The defendant says that it has not received the cost of construction, and sets up the Constitution of the United States, Art. I, § 10, the Fourteenth Amendment, and other less material clauses. The reply is that the right to take tolls expired on February 24, 1903, when the fifty years contemplated by the charter had elapsed. There was a trial and a judgment for the relator, which was affirmed by the Supreme Court of the State, and the case was brought here. *State ex rel.* v. *Road Co.,* 207 Missouri, 54.

. The plaintiff in error contends that the privileges referred to in § 8 are but three: the life of the corporation brought into being by the charter, the exclusive right to maintain a toll-road granted by § 2, and the right to take higher tolls than those allowed to toll companies organized under a general act then in force; but that it cannot be deprived of its right to take tolls except by a purchase of the road at the actual cost of construction. It says that the provision for the right to purchase at the expiration of twenty years 'or at any time thereafter' imports that the right to make the road free, even after fifty years, can be gained only by pur-

chase, and that the clause makes a contract and creates a right of property which it is beyond the power of the State to impair or take away. The Supreme Court of Missouri took a different view. It held after an elaborate discussion that the plaintiff in error never had more than an easement, that this easement was of a public character charged only with the burden of paying toll during the time allowed by the charter, and that after that time the public had an unencumbered right. The sole question here is whether the construction of the charter and the supposed contract was wrong.

We are of opinion that the decision of the state court was right, and that the meaning of § 8 is so plain that it cannot be made much clearer by argument. "The privileges granted in this charter" means all the privileges, including the privilege of taking toll. The limitation of fifty years would be almost meaningless if tolls were not embraced. The plaintiff in error recognizes the difficulty, and tries to meet it by the suggestion that as applied to tolls the word 'privileges' is to be limited to the excess of the tolls allowed above those mentioned in a general act then in force. But the general act is not referred to in the section granting the right to charge tolls, or, indeed, in the charter at all; it was a law with which the specially chartered corporation had nothing to do. There is not the slightest reason to suppose that there was any implied reference to or thought of it when this act was passed. The words of purchase, 'at the expiration of twenty years, or any time thereafter,' do not convey the meaning that the express limitation of fifty years is done away with in the same section that imposes it, but must be read subject to that more specific phrase, even if 'any time thereafter' practically is cut down to any time within the fifty years, so far as its value to the plaintiff in error is concerned. It was a reservation in favor of the county, not the grant of a new right to the plaintiff in error, and its operation is sufficient if as extensive as the need.

As we are of opinion that the plaintiff in error has no such rights as it claims, even if we assume that it has all the rights of the original corporation created by the charter, it is unnecessary to consider other difficulties in the case.

*Judgment affirmed.*