DES MOINES WATER CO. v. CITY OF DES MOINES et al.

(District Court, S. D. Iowa, C. D.   March 22, 1912.)

No. 134—M.

**1. Courts (§ 508*)—Federal Courts—Construction of State Statutes.**

A federal District Court will not temporarily enjoin proceedings under an appointment by the state Supreme Court of appraisers in proceedings by a city to condemn a waterworks plant, on the ground that an act authorizing the appointment is unconstitutional, where the state Supreme Court has not passed upon the validity of the act, except by acting under it, where there is a conflict in authority on the question involved, and the state Supreme Court could find ground sustaining the act.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508;* Injunction, Cent. Dig. § 72.

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

**2. Injunction (§ 135*)—Temporary Writ—Judicial Discretion.**

Application for a temporary injunction is addressed to the court's legal discretion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 304; Dec. Dig. § 135.*]

In Equity.   Bill by the Des Moines Water Company against the City of Des Moines and others.   Temporary injunction denied.

N. T. Guernsey, for complainant.

Robert O. Brennan and H. W. Byers, for defendants.

Before WALTER I. SMITH, Circuit Judge, and WILLIAM H. MUNGER and SMITH McPHERSON, District Judges.

PER CURIAM.   The complainant is a corporation of the state of Maine and the owner of the Des Moines city waterworks.   The individual defendants are citizens and residents of the city of Des Moines, Iowa, and the defendant city is a municipal corporation, being a city of the first class under the laws of the state of Iowa.   The city instituted proceedings under chapter 45 of the Acts of the Thirty-Third General Assembly of Iowa, as amended by chapter 35 of the Acts of the Thirty-Fourth General Assembly of that state, with the view of acquiring the complainant's plant by condemnation proceedings.   The statutes in question provide for the appointment by the state Supreme Court of three district judges to act as appraisers.   The Supreme Court made the order designating the judges, and the complainant filed an application and bond for removal to the federal court, both in the Supreme Court and in the court of condemnation.

The complainant brings this action, alleging in substance that the Supreme Court of Iowa is a court of appellate jurisdiction only, and that the provision authorizing it to designate three district judges to act is unconstitutional, and further alleging that plaintiff's franchise has not expired, and that the case has been heretofore removed to this

court. The case is thus dual in character—original, in so far as it seeks to enjoin the further proceedings under said appointment by the Supreme Court on the ground that the action of said Supreme Court is unconstitutional, and in so far as it is claimed the franchise is not terminated; auxiliary, in so far as it tends to sustain the petitions and bonds heretofore filed for removal to this court.

[1] It is, of course, with reference to the first that this court, three of us sitting, is primarily charged. The Supreme Court of Iowa has never passed upon the constitutionality of the statute authorizing the appointment of three district judges by the Supreme Court, except as it acted under the statute shortly after its enactment, by the appointment of three judges to act in the condemnation of the Council Bluffs waterworks, and has recently acted in the Des Moines waterworks matter. In passing upon the constitutional question it must be borne in mind that it was said in Pelton v. National Bank, 101 U. S. 143, 25 L. Ed. 901:

"It has long been recognized in this court that the highest court of the state is the one to which such a question properly belongs; and though the courts of the United States, when exercising a concurrent jurisdiction, must decide it for themselves, if it has not previously been considered by the state court, it would be indelicate to make such a decision in advance of the state courts, unless the case imperatively demanded it."

[2] It must be borne in mind that this is an application for a temporary writ, which is always submitted to the legal discretion of the court. And the court, upon investigation, finds that there is a great conflict of authority on the interpretation of the constitutional provision here relied upon and similar constitutional provisions of other states. See State v. Neble, 82 Neb. 267, 117 N. W. 723, 19 L. R. A. (N. S.) 578, and the cases therein cited, including the case of State v. Barker, 116 Iowa, 96, 89 N. W. 204, 57 L. R. A. 244, 93 Am. St. Rep. 222. Under these circumstances, it being possible that, even before this case would be reached for final trial in this court, the Supreme Court of Iowa would have passed upon it, we do not feel justified in awarding a temporary injunction upon the ground that the act is in conflict with the state Constitution. Whether the action of the Iowa Supreme Court, heretofore taken in ex parte proceedings in appointing the commissioners in the Council Bluffs and Des Moines cases, constitutes an interpretation of this constitutional provision, we do not determine. See Cross v. Allen, 141 U. S. 528, 12 Sup. Ct. 67, 35 L. Ed. 843.

It should be kept in mind that section 4 of article 5 of the Iowa Constitution provides that the Supreme Court of the state shall have appellate jurisdiction only, both in actions in chancery and in actions at law. But that section of the Constitution concludes by reciting that the Supreme Court of the state shall "exercise a supervisory control over all inferior judicial tribunals of the state." The statute in question substantially provides that three district judges shall sit as a board of inquest in such cases. And the Supreme Court of the state has nothing whatever to do with the matter, except to designate what

three judges out of the very large number in the state shall act. It is manifest that the Supreme Court might well hold that for it to designate which three of the very large number of district judges should act on the particular board of inquest would be exercising a supervisory control over all inferior tribunals.

For the reasons indicated, we are all of the opinion that the injunction, so far as it seeks to enjoin the action of the city because of a supposed lack of authority upon the part of the Iowa Supreme Court to designate the three district judges, should be denied. The questions as to whether the franchise of the waterworks company has expired, and whether the case has been properly removed to this court heretofore, or not, would more properly come before the presiding judge, sitting alone, than before us. But Judge McPHERSON holds that a case has not been made for the granting of an injunction. See Kaw Valley Drainage District v. Metropolitan Water Co., 186 Fed. 315, 108 C. C. A. 393.

It is ordered that the application for a temporary injunction be denied, and the restraining order heretofore issued be vacated.