### DES MOINES WATER CO. v. CITY OF DES MOINES et al.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1913.)

#### No. 3,912.

1. WATERS AND WATER COURSES (§ 188*)—WATER COMPANIES—FRANCHISES—DURATION.

A grant to a water company by a city ordinance of a franchise to operate waterworks for a definitely fixed term, accepted and acted on by the company, terminates at the end of that term by force of the terms of the instrument of grant, and cannot be enlarged by implication.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 287, 288; Dec. Dig. § 188.*]

2. COURTS (§ 366*)—FEDERAL COURTS—AUTHORITY OF STATE DECISIONS.

The action of the Supreme Court of Iowa in appointing three district judges to act as a court of condemnation on application of a city council after the passage of a resolution to acquire waterworks, as authorized and required by Acts 33d Gen. Assem. c. 45, as amended by Acts 34th Gen. Assem. c. 35, was at least presumptively, if not necessarily, a de-

---

cision that the act is constitutional, and such decision is binding on a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

3. CONSTITUTIONAL LAW (§ 61*)—OFFICERS (§ 30*)—DELEGATING LEGISLATIVE POWER TO JUDGES—"OFFICE."

The powers and functions of the three judges constituting the court of condemnation under said act in determining the value of the waterworks property after a hearing on evidence as provided by the act are judicial, and not legislative, and the act is not in violation of Const. Iowa, art. 3, § 1, which provides that no person charged with the exercise of judicial powers shall exercise legislative powers, nor of article 5, § 5, which declares that a district judge shall not be eligible to any other office during his term, except that of judge of the Supreme Court; the temporary position of the judges under such appointment not being an "office" within the meaning of the provision.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 106–107; Dec. Dig. § 61;* Officers, Cent. Dig. §§ 37–43; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 6, pp. 4921–4931; vol. 8, p. 7736.]

4. REMOVAL OF CAUSES (§ 4*)—CAUSES REMOVABLE—"SUIT"—CONDEMNATION PROCEEDINGS.

A proceeding under such act, which has progressed only so far as the appointment of the judges and their organization as a court, is not a "suit," within the meaning of the removal act (Judicial Code [Act March 3, 1911, c. 231] § 28, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), and is not removable thereunder.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 11–20; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 7, pp. 6769–6778; vol. 8, p. 7809.]

Appeal from the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Suit in equity by the Des Moines Water Company against the City of Des Moines and others. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 194 Fed. 557.

J. L. Parrish, of Des Moines, Iowa (A. C. Parker and W. E. Miller, both of Des Moines, Iowa, on the brief), for appellant.

R. O. Brennan and H. W. Byers, both of Des Moines, Iowa, for appellees.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

WILLARD, District Judge. The appellant, which was the plaintiff below, commenced this suit to secure a declaration that chapter 45 of the Acts of the 33d General Assembly of the state of Iowa, as amended by chapter 35 of the Acts of the 34th General Assembly of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Iowa, is unconstitutional. The court below sustained a demurrer to the bill and dismissed it.

The law referred to authorizes a city to acquire by condemnation the waterworks located therein when "the contract of franchise of such utility has expired." By the terms of the law the city is required to present to the Supreme Court a resolution of its governing body providing for the acquisition of the waterworks, and thereupon it is made the duty of the court to appoint three district court judges to act as a court of condemnation. These judges are required to perform all the duties imposed upon commissioners in the condemnation of property.

Under the provisions of this law, the city of Des Moines proceeded to acquire the property of the plaintiff, the Des Moines Water Company. It presented to the Supreme Court a resolution of its common council providing for such acquisition. That court thereupon appointed three district judges to act as a court of condemnation. These judges organized as such court, and immediately upon their organization the Water Company filed a petition in the court of condemnation for a removal of the proceeding to the United States District Court for the Southern District of Iowa. This petition was denied. Later on, the company, a corporation of Maine, presented this bill, asking that the city be enjoined from further prosecution of the proceeding of condemnation, on the grounds, that (a) its franchise had not expired, and it did not therefore come within the law; (b) the law was unconstitutional; and (c) the proceeding had been removed into the United States Circuit Court.

[1] (a) The rights of the Water Company were created by an ordinance passed May 1, 1871. Section 12 of that ordinance is in part as follows:

"Provided, however, that to entitle the Des Moines Water Company to the rights and privileges of this ordinance the company shall, within, ten days from this date, accept in writing all its privileges, duties and obligations, signed by its president and attested by its secretary, which privileges, powers and franchises shall extend to said Des Moines Water Company for the period of forty years from this date."

The city took no proceedings to condemn the property of the plaintiff until after the expiration of 40 years from May 1, 1871. By the plain terms of section 12, "the contract of franchise of the owner of the utility" had expired when such proceedings were commenced. This section clearly brings the city within the terms of chapter 45. There is nothing in any other part of the ordinance to limit the language of section 12. Section 1 provides, among other things, that:

"Said company shall have the exclusive right to construct and operate their waterworks as herein specified for the term of forty years from this date."

The effect of this provision was not to extend the term fixed by section 12, but merely to make the franchise exclusive. In view of the limitation of time contained in section 12, cases, many of which are cited by the plaintiff, holding a grant to be perpetual when no limitation of time is expressed therein, are not relevant to this case.

Section 8 of the ordinance authorized the city at any time after six months from the date of the ordinance to purchase the waterworks, but this right cannot possibly be construed as extending the term fixed by section 12. City & County of Denver v. New York Trust Co., 229 U. S. 123, 33 Sup. Ct. 657, 57 L. Ed. ——, United States Supreme Court, May 26, 1913. In appellant's brief it is said:

"No provision is made in the ordinance for the disposition of the property at the expiration of the forty years, which indicates that it was not contemplated by the parties that the franchise would expire at that time."

That claim is fully answered by the following quotation from Detroit United Railway v. Detroit, 229 U. S. 39, 33 Sup. Ct. 697, 57· L. Ed. ——, United States Supreme Court, May 26, 1913:

"Nor do we find more force in the claim of an implied contract to permit the railway to remain in the streets under such reasonable arrangements for public service as the situation might require. The right to grant the use of the streets was in the city. It had exercised it, had fixed by agreement with the railway the definite period at which such rights should end. At their expiration the rights thus definitely granted terminated by force of the terms of the instrument of grant. The railway took the several grants with knowledge of their duration, and has accepted and acted upon them with that fact clearly and distinctly evidenced by written contract. The rights of the parties were thus fixed, and cannot be enlarged by implication. Louisville Trust Co. v. Cincinnati, 76 Fed. 296 [22 C. C. A. 334]; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234 [91 N. W. 1081]; Scott County Road Company v. Hines, 215 U. S. 336 [30 Sup. Ct. 110, 54 L. Ed. 221]; Turnpike Company v. Illinois, 96 U. S. 63 [24 L. Ed. 651]."

The claim of the plaintiff that its franchise has not expired therefore cannot be sustained.

(b) Chapter 45 is claimed to be unconstitutional, because it confers upon the Supreme Court powers not judicial, and because it confers upon that court powers not supervisory or appellate, both in violation of certain provisions of the Constitution of Iowa.

The Supreme Court of Iowa has not passed upon the constitutionality of this act, unless it did so when it appointed the court of condemnation in this case, and perhaps when it so acted in other cases.

[2] Whether or not such appointment in this case was a holding that the law was constitutional was not decided by the three judges who denied the application made herein for a preliminary injunction. (D. C.) 194 Fed. 557. It is to be noticed that in this proceeding the order was made by the court, and not by the Chief Justice. Did the making of that order *necessarily* decide that the law was constitutional? We think that it did. The bill does not show whether or not argument was heard by the court before the order was made, nor whether or not any opinion was filed with the order. If an opinion had been filed discussing the law and the objections made to its constitutionality, and holding it valid, it is not questioned but that this court would be bound to follow that ruling. If it appeared that the case was fully argued on both sides upon the claims now presented, and that the court after such argument had made an order, as it did, without filing an opinion, can it be doubted that this court would consider itself bound to hold in conformity with the ruling indicated by the filing of the order? Whether any argument was heard or not, it cannot be be-

lieved that the Supreme Court took upon itself the performance of a duty sought to be imposed upon it by a new law, without carefully considering its power so to do. But whether it did or not we are bound to presume that it did. In Cross v. Allen, 141 U. S. 528, on page 538, 12 Sup. Ct. 67, on page 71 (35 L. Ed. 843), the court said:

"It is said, however, that the cases just cited were decided without having been fully argued and without mature consideration of this question, upon the mistaken assumption that it has been previously decided in the affirmative by the Supreme Court of the state, and therefore they have not become a rule of property in the state and are not binding upon this court. We are not impressed with this contention. Such argument might with propriety be addressed to the Supreme Court of the state, but it is without favor here. We are bound to presume that when the question arose in the state court it was thoroughly considered by that tribunal, and that the decision rendered embodied its deliberate judgment thereon."

[3] It is also claimed that the law is unconstitutional, because it is in violation of article 3, section 1, of the Constitution of Iowa, which provides that no person charged with the exercise of judicial powers shall exercise legislative powers. The powers of the district court judges are thus defined in the act:

"Such court of condemnation shall have the power to summon and swear witnesses, take evidence, order the taking of depositions, and require the production of any books and papers, as is provided in chapter I, title XXIII of the Code, and a reporter may be appointed, as is provided for the district court; and such court shall perform all the duties of commissioners in the condemnation of property and such duties and the method of condemnation and procedure, including provisions for appeal, shall, except as is herein otherwise specially provided, be the same, as nearly as may be, as is provided in chapter 4, title X of the Code, but the clerk of the district court of the county where such city or town is located shall perform all the duties required of the sheriff in said chapter and, in case of a vacancy in said court of condemnation, such vacancy shall be filled in the same manner in which the original appointment was made and the court may review any evidence of its record made necessary by reason of such vacancy."

The duties of commissioners under chapter 4, title 10, of the Code are set out in sections 1999 and 2000 of the Code of 1897. Section 1999 provides in part that:

"If the owner of any real estate necessary to be taken for either of the purposes mentioned in this chapter refuses to grant the right of way or other necessary interest in said real estate required for such purposes, or if the owner and the corporation cannot agree upon the compensation to be paid for the same, the sheriff of the county in which such real estate may be situated shall, upon written application of either party, appoint six freeholders of said county, not interested in the same or a like question, who shall inspect said real estate, and assess the damages which said owner will sustain by the appropriation of his land for the use of said corporation, and make report in writing to the sheriff of said county; and, if the corporation shall, at any time before it enters upon said real estate for the purpose of constructing said railway pay to the sheriff, for the use of the owner, the sum so assessed and returned to him as aforesaid, it may construct and maintain its railway over and across such premises."

### Section 2000 provides in part as follows:

"The freeholders appointed shall be the commissioners to assess all damages to the owners of real estate in said county."

Section 2009 of the same Code gives either party the right to appeal from the assessment to the district court, and that court is required to try the same as if an action by ordinary proceedings.

That the determination of an issue of fact after hearing and considering the evidence is a judicial function cannot be doubted. In City of Burlington v. Leebrick, 43 Iowa, 252, on page 259, the court said:

"But the question, by whomsoever determined, involves the examination and weighing of testimony, and partakes of the nature of a judicial act. It is not the sole province of courts to determine 'what the existing law is in relation to some existing thing already done or happened.' It is as much a judicial act to determine what are the facts of a particular case, and whether they bring the case within the operation of a recognized principle of the existing law."

In State v. Barker, 116 Iowa, 96, on page 110, 89 N. W. 204, on page 209 (57 L. R. A. 244, 93 Am. St. Rep. 222), so much relied upon by the plaintiff, the court, speaking of the powers which the Legislature might confer upon constitutional courts, said:

They "may appoint commissioners to apportion and assess damages for the opening of a highway. * * * But in each and all of these cases the powers are either judicial in character, or are to be exercised in the discharge of functions pertaining to the judicial department. If the matter is one requiring some judicial determination, it may be left to the court or to judges, although it is not involved in the determination of an actual case litigated in the ordinary manner. Thus the propriety and necessity of the construction of a bridge over railway tracks may be left to a judge for decision."

In Ford v. Town of North Des Moines, 80 Iowa, 626, 45 N. W. 1031, a law authorizing the district court to appoint commissioners to call an election for the purpose of organizing a town, was held constitutional.

There is nothing in the case of Kaw Valley Drainage District v. Metropolitan Water Co., 186 Fed. 315, 108 C. C. A. 393, cited by plaintiff, which holds that the determination of the amount of damages in a condemnation proceeding is not a judicial function.

It is said that chapter 45 is unconstitutional, because it violates that provision of the Constitution of Iowa (article 5, § 5) which declares that a district judge shall not "be eligible to any other office except that of judge of the Supreme Court, during the term for which he is elected"; it being argued that these judges, when they are appointed to sit in a court of condemnation, are appointed to another office. There is nothing in this point. Although this body is called a court, the members thereof can be no more considered a judicial tribunal than can the six freeholders selected by the sheriff to perform similar duties. The temporary position which they occupy can in no sense be called an "office," within the meaning of that term as used in said article 5, § 5.

[4] (c) At the time the petition for removal was filed the proceeding was not then a "suit," within the meaning of the removal acts (see Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]). Kaw Valley Drainage Co. v. Metropolitan Water Co., 186 Fed. 315, 108 C. C. A. 393.

The decree of the court below is affirmed.