## In re MISSISSIPPI RIVER POWER CO.

(District Court, S. D. Iowa, E. D. January 15, 1917.)

1. TAXATION ⊕26—POWER OF LEGISLATURE—MODE OF EXERCISE.
   The Legislature of a state has power to prescribe a method of assessment, and of the levy and collection, of taxes, without providing for a hearing before any court.

2. REMOVAL OF CAUSES ⊕4—CAUSES REMOVABLE—"SUIT"—APPEAL FROM ASSESSMENT BOARD.
   The trial by the state District Court of an appeal taken under Code Supp. Iowa 1907, § 1373, from the action of a board of review in fixing the amount of an assessment for taxation, is the exercise of judicial and not legislative power, and the proceeding on such an appeal is a "suit," within the meaning of the removal provisions of Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010) and is removable where there is the requisite diversity of citizenship and amount involved.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 11–20.
   For other definitions, see Words and Phrases, First and Second Series, Suit.]

3. REMOVAL OF CAUSES ⊕102—MOTION TO REMAND—DOUBT AS TO REMOVABILITY.
   Where the question of removability is doubtful, it is the duty of the court to resolve the doubt against a motion to remand, because an appeal lies from such an order, while an order remanding the cause is not appealable.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 224.]

In the matter of appeal from assessment of the property of the Mississippi River Power Company. On motion to remand to state court. Denied.

George Cosson, Atty. Gen., C. A. Robbins, Asst. Atty. Gen., and E. W. McManus, Co. Atty., of Keokuk, Iowa, for Johnston.

A. W. O'Harra, of Carthage, Ill., George B. Stewart, of Fort Madison, Iowa, and J. O. Boyd and Hazen I. Sawyer, both of Keokuk, Iowa, for Mississippi River Power Co.

WADE, District Judge. S. H. Johnston, claiming to be the assessor of a certain taxing district within the city of Keokuk, Iowa, listed and assessed the property of the Mississippi River Power Company at the sum of $8,000,000, and, claiming to act pursuant to the law of Iowa, he assessed a penalty of 100 per cent. for alleged refusal

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the company to sign or swear to the assessment roll, thus making a total valuation for assessment purposes of $16,000,000. This assessment being returned to the board of review of the city of Keokuk, the power company filed objections thereto, and a hearing was had, and the valuation reduced from $16,000,000 to $500,000. From this action of the board of review, Johnston prosecuted this appeal under the provisions of the Code of Iowa authorizing an appeal from the final action of the board of review to the district court of the state of Iowa. Thereupon the Power Company, a nonresident of Iowa, appeared in the district court of the state of Iowa and filed its petition for removal to this court, which was granted, and the case is now before the court upon a motion to remand.

The property assessed consists of the dam and power plant owned by the power company upon the Mississippi river at Keokuk, Iowa, and in petition for removal it is made to appear that many very important questions of law and fact are involved, including the question of the boundary line of the state, and the question as to whether the property is real property, or personal property, and whether the property is subject to assessment at all, complicated by the further fact that a portion of the dam comprises the locks and dry dock, which, by act of Congress permitting the erection of the dam, is the property of the United States. But I do not find it necessary to go into these numerous questions. The fact of diversity of citizenship is not in dispute, and the motion will be disposed of upon that ground.

I have heretofore written an opinion in the case of Chicago, Milwaukee & St. Paul Railway Co. v. Drainage District No. 8 of Shelby County, Iowa, et al., pending in the Western division of this district, remanding a case involving the levy of the tax imposed for drainage purposes, embracing some of the questions here presented. A petition for rehearing is pending in said case, and, while all the questions involved are not identical, some of them are, and in so far as this opinion may be in conflict with the opinion in the above-entitled case, such opinion is hereby overruled.

The main question in controversy is whether or not the action now in this court upon removal from the state court is a "suit" within the meaning of the Removal Act. The statutes of Iowa provide for assessment of property for taxation purposes by an assessor, who lists the property and reports his findings to a board of review, composed in cities of the members of the city council. This board of review has power to increase or decrease the assessments, parties have a right to be heard, and appeals may be taken to the district court, as has been done in this case.

[1] Of course, the assessment and levy of taxes is legislative in its character, or, as it is sometimes expressed, it is administrative; but it is an exercise of the legislative power.

"Taxes have not, as a general rule, in this country since its independence, nor in England before that time, been collected by regular judicial proceedings in a court of justice. The necessities of government, the nature of the duty to be performed, and the customary usages of the people, have established a different procedure, which, in regard to that matter, is and always has been due process of law." Kelly v. Pittsburgh, 104 U. S. 78, 26 L. Ed. 658.

The Legislature has the power to designate the tribunal which shall make assessments upon property. It may confer this power upon a judicial or a nonjudicial body, and the owner of property assessed cannot claim that he has been deprived of "due process of law" because the Legislature does not permit him to have a hearing in court.

"The necessity of revenue for the support of the government does not admit of the delay attendant upon proceedings in a court of justice, and they are not required for the enforcement of taxes or assessments." Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569.

See, also, St. Louis & Kansas City Land Co. v. Kansas City, 241 U. S. 419, 36 Sup. Ct. 647, 60 L. Ed. 1072; Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763; Paulsen v. Portland, 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637; Bauman v. Ross, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270.

So that the Legislature of Iowa had the power to prescribe a method of assessment, and levy and collection, of taxes, without providing for any hearing before any court

[2] It is the contention of appellant that by the appeal provided for the district court of the state is simply made part of the "machinery" by which, and through which, the taxing power of the state is exercised. It is insisted that the action of the court in reviewing upon appeal the action of the board of review is administrative rather than judicial. If this be true, then this proceeding is not a "suit" within the meaning of the Removal Act.

But at the outset we are confronted with the fact that the district court of Iowa is a constitutional court, possessed of no administrative powers or functions, and the Supreme Court of Iowa has specifically held that nonjudicial powers cannot be conferred upon the district court by the Legislature:

"But powers not in themselves judicial, and that are not to be exercised in the discharge of the functions of the judicial department, cannot be conferred on courts or judges designated by the Constitution as a part of the judicial department of the state." State v. Barker, 116 Iowa, 96, 89 N. W. 204, 57 L. R. A. 244, 99 Am. St. Rep. 222.

Thus is distinguished the case relied upon by counsel, In re City of Chicago (C. C.) 64 Fed. 897, in which it was held that a proceeding for assessment of taxes pending before a county court was not removable. The county court was not a constitutional court; it was a special tribunal created by the Legislature, possessing judicial powers, and also administrative powers. In the proceedings before it, this county court was exercising, not its judicial powers, but its powers specially conferred as an "assessing tribunal"; the court saying:

"Although conducted under judicial forms, and in a court having judicial powers, I am of opinion that it is exclusively an administrative proceeding."

The court points out the distinction in the following language:

"Because the Legislature saw fit to vest this power or duty in the county court, it does not follow that it would be thereby vested in any other court, and certainly not in a federal court, unless it is clearly a judicial power or duty."

The Legislature of Iowa, in providing for an appeal to the district court, conferred upon that court either an administrative power or duty or a "judicial power or duty." I cannot assume that the Legislature enacted a law in conflict with the Constitution, or in excess of its legislative powers. I must, if possible, under the language used, construe the act as valid and constitutional.

But, under the foregoing opinion of the Supreme Court of Iowa, it would not be valid if the Legislature undertook to confer upon the district court administrative powers or duties. It can only be held valid by assuming that the Legislature intended that the proceedings upon appeal would be judicial in their nature.

It cannot be denied that the Legislature had the power to provide for a "suit" before a court, in which the proceedings before the board of review might be retried. While it had the power to complete the assessment and levy the taxes without the intervention of a court, and without a judicial proceeding, it could without doubt waive this right, and as a matter of grace give to the property owner, or to the municipality, the right to a trial in court upon the issues considered by the board of review.

The language of the statute clearly indicates that this was the purpose of the Legislature. It provides that:

"The court shall hear the appeal in equity, and determine anew all questions arising before the board which relate to the liability of the property to assessment, or the amount thereof." Code Supp. 1373.

In construing the language of this statute, the Supreme Court of Iowa has specifically held, in the Matter of the Appeal of the Sioux City Stockyards Co., 149 Iowa, 5, 127 N. W. 1102, that this trial upon appeal is an exercise of judicial, and not of legislative, power.

"On such appeal the court is to hear the matter in equity, and determine anew all questions arising before the taxing officer or tribunal which relate to the liability of the property to assessment or the amount thereof." Schoonover v. Petcina, 126 Iowa, 261, 100 N. W. 490.

"It is well settled in this state that the Legislature may provide for the exercise by a court of the power to judicially determine facts which are made the conditions on which authority may be exercised by officers to whom it delegated the exercise of legislative and executive power." Denny v. Des Moines County, 143 Iowa, 466, 121 N. W. 1066.

The case before the district court upon appeal is not only to be tried as an equity proceeding, but the parties have the same right of appeal to the Supreme Court, and trial de novo in that court, as is allowed in any ordinary equity case. Farmers' Loan & Trust Co. v. Newton, 97 Iowa, 502, 66 N. W. 784. So that there cannot be any serious question but that the proceedings upon appeal are judicial in their character, and the only remaining question is whether or not such judicial proceedings constitute a "suit" for removal purposes. Chief Justice Marshall, in Weston v. City of Charleston, 2 Pet. 464, 7 L. Ed. 481, said that:

The "term [suit] is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy  *  *  *  which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a

court of justice, the proceeding by which the decision of the court is sought is a suit."

Applying this language of Chief Justice Marshall, Ladd, Chief Justice, in Myers v. Railway, 118 Iowa, 312, 91 N. W. 1077, says:

"Unless in court, or before those exercising judicial functions, the proceeding cannot be regarded as a suit. Ulshafer v. Stewart, 71 Pa. 174; Ex parte Towles, 48 Tex. 433. That the proceeding to condemn land is not a suit, within the language of the Removal Acts of Congress, and is such after the appeal to the district court, seems to be conclusively settled against the appellees in Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 207, and Railroad v. Myers, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319. See, also, Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415. In the first-cited case the court said, speaking through Field, J.: 'The proceeding in the present case before the commissioners appointed to appraise the land was in the nature of an inquest to ascertain its value, and not a suit at law, in the ordinary sense of those terms. But when it was transferred to the district court by appeal from the award of the commissioners, it took, under the statute of the state, the form of a suit at law, and was thenceforth subject to its ordinary rules and incidents.'"

Also applying the foregoing definition of Chief Justice Marshall, Judge Seaman, in Re City of Chicago, supra, says:

"This definition has been frequently readopted, and made to reach writs of mandamus (Kendall v. U. S., 12 Pet. 524 [9 L. Ed. 1181]); habeas corpus (Holmes v. Jennison, 14 Pet. 540 [614, 10 L. Ed. 579]; Ex parte Milligan, 4 Wall. 2 [18 L. Ed. 281]); proceedings for assessment of the value of land taken under the power of eminent domain (Kohl v. U. S., 91 U. S. 367 [23 L. Ed. 449]; Boom Co. v. Patterson, 98 U. S. 403 [25 L. Ed. 207]; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460 [31 L. Ed. 415]); and like proceedings for condemnation, which include assessment for benefits against other premises (Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113 [29 L. Ed. 319]; City of Chicago v. Hutchinson, 11 Biss. 484, 15 Fed. 129). In each of these cases the proceeding was judicial and adversary. Whether it was strictly judicial in the eminent domain cases was seriously considered, and finally so held, under the distinctions pointed out. In Boom Co. v. Patterson the view was urged before the court that the proceeding to take private property for public use is an exercise by the state of its sovereign right of eminent domain, with which the judiciary department, especially of the United States, had no right to interfere. The court answers: 'This position is undoubtedly a sound one so far as the act of appropriating the property is concerned. The right of eminent domain—that is, the right to take private property for public use—appertains to every independent government. It requires no constitutional recognition; it is an attribute of sovereignty. The clause found in the Constitutions of the several states providing for just compensation for property taken is a mere limitation upon the exercise of the right. When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance. * * * But, notwithstanding the right is one that appertains to sovereignty, when the sovereign power attaches conditions to its exercise, the inquiry whether the Constitutions have been observed is a proper matter for judicial cognizance.' The ascertainment of the amount of compensation, therefore, becomes a judicial inquiry when carried to a state court by an appeal from the award of commissioners."

In Des Moines Water Co. v. City of Des Moines, 206 Fed. 657, 124 C. C. A. 445, the Circuit Court of Appeals (Eighth Circuit) in a proceeding for condemnation of waterworks says:

"Section 2009 of the same Code gives either party the right to appeal from the assessment to the district court, and that court is required to try the same

as if an action by ordinary proceedings. That the determination of an issue of fact after hearing and considering the evidence is a judicial function cannot be doubted. In City of Burlington v. Leebrick, 43 Iowa, 252, on page 259, the court said: 'But the question, by whomsoever determined, involves the examination and weighing of testimony, and partakes of the nature of a judicial act. It is not the sole province of courts to determine "what the existing law is in relation to some existing thing already done or happened." It is as much a judicial act to determine what are the facts of a particular case, and whether they bring the case within the operation of a recognized principle of the existing law.' "

In South Dakota Railway Co. v. C., M. & St. P. Railway Co., 141 Fed. 578, 73 C. C. A. 176, the Circuit Court of Appeals (Eighth Circuit) quotes the language of Chief Justice Marshall, supra, defining the term "suit," and says:

"But it is insisted that the proceeding is an exercise, by the state, of its sovereign right of eminent domain, and can only be maintained as authorized by the laws of the state, and could not, in the first instance, be brought in the federal court. This position, in our judgment, cannot be sustained; for, notwithstanding the right is one that appertains to sovereignty, yet, when the sovereign power attaches conditions to its exercise, the inquiry whether the conditions have been observed is a proper matter for judicial cognizance, and, if that inquiry take the form of a proceeding before the courts between the parties, there is a controversy which is subject to the ordinary incidents of a civil suit, and its determination derogates in no respect from the sovereignty of the state. In Colorado Midland Ry. Co. v. Jones (C. C.) 29 Fed. 193, Mr. Justice Brewer said: 'I do not suppose that a state can, by making special provisions for the trial of any particular controversy, prevent the exercise of the right of removal. If there was no statutory limitation, the Legislature could provide for the trial of many cases by less than a common-law jury, or in some other special way. But the fact that it had made such different and special provisions would not make the proceeding any the less a trial, or such a suit as, if between citizens of two states, could not be removed to the federal courts. If this were possible, then the only thing the Legislature of a state would have to do to destroy the right of removal entirely would be to simply change and modify the details of procedure.' "

So as to the sovereign right to assess, levy, and collect taxes:

"When the sovereign power attaches conditions to its exercise, the inquiry whether the conditions have been observed is a proper matter for judicial cognizance, and, if that inquiry take the form of a proceeding before the courts between the parties, there is a controversy which is subject to the ordinary incidents of a civil suit."

In Re Jarnecke Ditch (C. C.) 69 Fed. 161, it is said:

"But the Legislature of a state cannot, by making special provisions for the trial of particular controversies, nor by declaring such controversies to be special proceedings, and not civil suits at law or in equity, deprive the federal courts of jurisdiction nor prevent a removal."

In Re Stutsman County (C. C.) 88 Fed. 337, in an action brought under special provisions enacted by the Legislature of North Dakota to collect delinquent taxes, in which a petition for removal was filed, Judge Amidon said:

"The proceeding has every element of a 'suit,' within the meaning of that term as defined by the Supreme Court in construing the federal Judiciary Acts. It 'involves the determination of questions of law and fact, and there are parties litigant to contest the case on one side and the other.' * * * 'A claim of the parties, capable of pecuniary estimation, is the subject of the litigation, and is presented by the pleadings for judicial determination.' "

Under the general principles announced in the foregoing cases, numerous proceedings, some of them special in their nature, have been held removable. Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927; Pacific Railroad Removal Cases, 115 U. S. 2, 5 Sup. Ct. 1113, 29 L. Ed. 319; Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415; Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, 35 L. Ed. 88; Union Terminal Co. v. Railway (C. C.) 119 Fed. 209; Dunn v. Pownal, 65 Vt. 116, 26 Atl. 484; Nichols v. Bingham, 70 Vt. 320, 40 Atl. 827; Charleston Bridge Co. v. Kanawha Co., 41 W. Va. 658, 24 S. E. 1002; Delaware County v. Diebold Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674; Madisonville v. Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Mason City v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629; Waha Co. v. Lewiston Co. (C. C.) 158 Fed. 137; Kansas City v. Water Co. (C. C.) 164 Fed. 728; Drainage District v. C., M. & St. P. Railway Co. (D. C.) 198 Fed. 253; Upshur Co. v. Rich, 135 U. S. 467, 10 Sup. Ct. 651, 34 L. Ed. 196. In this last case the court says:

"Even an appeal from an assessment, if referred to a court and jury, or merely to a court, to be proceeded in according to judicial methods, may become a suit within the act of Congress; but the ordinary acts and doings of assessors, or of appellate boards of assessors, in passing upon matters of mere valuation, appraisement, or proportionate distribution of expense, belong to a different class of governmental functions, executive and administrative in their character, and not appertaining to the judicial department. If an illegal principle of valuation be adopted, or an unconstitutional assessment or tax be made or imposed, or fraud be practiced, it may be examined by one of the judicial methods referred to, and thus become the subject of a suit. * * * The principle to be deduced from these cases is that a proceeding, not in a court of justice, but carried on by executive officers in the exercise of their proper functions, as in the valuation of property for the just distribution of taxes or assessments, is purely administrative in its character, and cannot, in any just sense, be called a suit, and that an appeal in such a case to a board of assessors or commissioners having no judicial powers, and only authorized to determine questions of quantity, proportion and value, is not a suit; but such an appeal may become a suit, if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other."

It has been urged that the proceedings upon appeal in this case cannot be a "suit," because it is contended that the court has no power to execute its finding or judgment. Even if this be true, it is not conclusive. A judgment may consist of a determination of the rights of the parties, even though no execution or other order is required, as in an action to quiet title and in other cases; but I am not willing to concede that the court would not have power to compel the administrative officers of the county to comply with its findings. A court of equity has broad powers, and will retain jurisdiction to avoid a multiplicity of actions, and, if necessary, make new parties, in order that its decrees may be made effectual.

In my opinion in Chicago, Milwaukee & St. Paul Railway Co. v. Drainage Dist. No. 8, supra, I emphasized the rule that the Legislature of a state cannot by its enactments prescribe actions which might enlarge or limit the jurisdiction of the federal courts sitting in equity, and I was inclined to the belief that the Legislature of Iowa would have no

power to create a proceeding to be tried as an equity case which had never heretofore been cognizable in equity; but I am inclined to modify my views there expressed as applied to the facts in this case. Judge Sanborn, in Landon v. Public Utilities Commission (D. C.) 234 Fed. 152, says:

"Rights created or provided by the statutes of the states, to be pursued in the state courts, may be enforced and administered in the national courts, either at law, in equity, or in admiralty, as the nature of the rights or remedies may require. 'A party, by going into a national court, does not lose any right or appropriate remedy of which he might have availed himself in the state courts of the same locality. The wise policy of the Constitution gives him a choice of tribunals.' Davis v. Gray, 16 Wall. 203, 221, 21 L. Ed. 447; Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624; Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 14, 23 C. C. A. 609, 616, and cases there cited; Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Cowley v. Railroad Co., 159 U. S. 569, 583, 16 Sup. Ct. 127, 40 L. Ed. 263."

[3] It has been urged that it is against public policy to have these matters of taxation taken out of the tribunal of the state; but it must be borne in mind that, if they can be taken out of the tribunals of the state, it is by express enactment of the Legislature of the state. The Legislature was not compelled to grant this right of appeal, but it did so; it specifically provided for the trial in a constitutional court with no administrative powers; it made it a judicial proceeding, and it follows that it is a suit between the parties, and as such removable upon the petition of a nonresident, where the statutory amount is involved. Were the question doubtful, it would be my duty to resolve the doubt against the motion to remand, because from such order an appeal will lie, while from an order remanding the case the parties have no right of appeal. Boatmen's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288; Fritzlen v. Boatmen's Bank, 198 U. S. 587, 25 Sup. Ct. 803, 49 L. Ed. 1174; Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 Sup. Ct. 366, 53 L. Ed. 551; Martin v. Water Co. (D. C.) 197 Fed. 462; Drainage District v. Railway (D. C.) 198 Fed. 253; Strother v. Railway (D. C.) 220 Fed. 731.

Without the consideration of other questions involved, the motion to remand will have to be overruled.